EDWARD F. COLE *vs.* FREDERICK B. RICE.

Third Judicial District, Bridgeport, April Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A mortgage of October 14th, 1887, to a savings bank, was foreclosed and title absolute secured in October, 1889, as against the owners and junior incumbrancers. Pending this suit a certificate of tax lien was filed for taxes due the city of Waterbury on the list of October 1st, 1887, and an action to foreclose the lien, which included other lands of the delinquent taxpayers, was brought to the District Court by the tax collector. The decree, rendered in 1891, required the bank to pay only the amount of the tax laid on the assessed valuation of the particular parcel in which it was interested, and the other respondents to pay the taxes on all the parcels named in the certificate. One of the respondents, *B*, who was in possession, was required to deliver up possession, with a stay of execution until after the law-day fixed for the bank. The bank redeemed, but

as to all the others the foreclosure became absolute. The plaintiff stands in the shoes of the tax collector and the bank's title is in the defendant, who has been in possession since 1892. *Held :—*

1. That while the effect of foreclosing the tax lien was to vest the tax collector with all the right, title and interest of the owners in and to the demanded premises, he did not thereby acquire any new rights against the bank.

2. That the plaintiff gained no equitable rights under the owners of the equity by paying their taxes, since their equities, as against the bank and its assigns, had been cut off on its foreclosure suit; and none were acquired from the city, since its equities against the bank, as well as the plaintiffs, were discharged when the sum required from the bank, to redeem under the tax-lien foreclosure, was paid.

3. That the stay of execution was for the benefit of any party who might redeem, and the bank having redeemed, the judgment for possession could not support an action of ejectment against it or its assigns.

The absolute foreclosure of a tax lien works a transfer of title from the foreclosed to the foreclosing party.

Our statute, § 3901, makes a tax a debt, but it is recoverable as such only from the party against whom it is assessed, or his immediate representatives.

Argued April 9th—decided May 9th, 1902.

ACTION in the nature of ejectment, for the possession of certain real estate and for damages, brought to the Superior Court in New Haven County and tried to the court, *George W. Wheeler, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Edward F. Cole*, for the appellant (plaintiff).

*Charles F. Thayer*, for the appellee (defendant).

BALDWIN, J. In September, 1888, Clara M. Burritt made a general assignment of her property to the defendant and Daniel F. Webster as trustees for her creditors. She then owned an interest in the demanded premises, subject to taxes due to the city of Waterbury on the list of October 1st, 1887, which had become payable in May, 1888, and to a mortgage

to the Chelsea Savings Bank for $20,000, executed October 14th, 1887. The bank brought an action to foreclose its mortgage to the Superior Court for New London county early in 1889, and obtained a decree under which its title became absolute as against the owners of the equity of redemption and certain junior incumbrancers, in October of that year. Pending this suit, a certificate of lien was filed for taxes due on the list of October 1st, 1887, from the then owners of the demanded premises, which lien was claimed upon these and also upon other lands owned by them on that day; and an action to foreclose the lien was brought by the tax collector to the District Court of Waterbury. This resulted in a decree in his favor, rendered in 1891, in conformity to the opinion of this court reported in *Meyer* v. *Burritt*, 60 Conn. 117. That case decided that, as between the tax collector and the bank, his lien on the demanded premises was limited to the amount of the taxes laid on the assessed valuation of that particular parcel. The judgment of the District Court therefore was that the bank should be foreclosed unless it paid this sum, and that the other defendants should be foreclosed unless they paid one considerably larger, being the amount of the taxes on all the parcels named in the certificate of lien. Mrs. Burritt was in possession, and she was ordered to deliver up possession, with a stay of execution until after the law-day appointed for the foreclosure of the bank. The bank redeemed, but as against the others, including the trustees to whom Mrs. Burritt had transferred her title, the foreclosure became absolute. The title of the bank is now held by the defendant, individually, who has been in possession since 1892, and the plaintiff has acquired that of the tax collector, under a proper deed of conveyance from him.

It is contended in support of the action, that when the foreclosure of the original owners of the demanded premises and their assigns became absolute against all, except the bank, their title became vested in the tax collector; that as neither he nor the city of Waterbury was a party to the New London county action, the foreclosure there granted cannot affect them; and that, as he was liable by law to the city for all the

taxes due from Mrs. Burritt on the list of October 1st, 1887, and presumably has paid them, he is now entitled to stand prior to the bank in respect to them, by succession to her, since its mortgage only dates from October 14th, 1887, and especially to demand possession from the defendant, who came in after the decree.

That he had all the rights under the lien that could be asserted by the city is true. *Hart* v. *Tiernan*, 59 Conn. 521, 529. Tax liens may be enforced by foreclosure. Public Acts of 1887, p. 728, § 4; General Statutes, § 3891. This implies that an absolute foreclosure shall work a transfer of title from the party foreclosed to the party foreclosing, for otherwise the judgment would be of no avail. The foreclosure under the proceedings in the District Court had, therefore, the effect of investing the tax collector with all the right, title and interest of Mrs. Burritt in and to the demanded premises.

He did not, however, acquire thereby any new rights against the bank. Mrs. Burritt had none to be transferred. If she had paid the taxes which she owed, and so redeemed, she would have acquired no right thereby to look to the bank for reimbursement. He had originally an equity to foreclose the bank if it did not satisfy whatever might be due from it by virtue of his lien. The bank had a corresponding equity to redeem. What equity would require it to pay for that purpose was settled in *Meyer* v. *Burritt*, and the amount thus ascertained was duly tendered and received. The tax collector thereafter had no equitable claim against the bank. The city which he represented had none. Neither had ever had a legal claim against it. Our statute makes a tax a debt, but it is recoverable as such only from the party against whom it was assessed, or his immediate representatives.

The stay of execution against the mortgagor, which was granted by the District Court until a week after the law-day set for the bank, was for the benefit of any party who might redeem. The bank having redeemed, the judgment for possession could not support an action like the present against it or its assigns.

The · plaintiff asserts an equitable right to maintain this action. It is based simply upon a legal demand; but if it were a case where equitable relief could be granted, no equity is shown. He acquired none under Mrs. Burritt, by paying the. taxes due from her to the city, for her equities as against the bank and its assigns had been cut off by the New London county foreclosure. *Colwell* v. *Warner*, 36 Conn. 224, 234. He acquired none from the city, for its equities against the bank, as well as his own, were discharged when the sum required from it for redemption under the decree of the District Court was paid.

There is no error.

In this opinion the other judges concurred.