JOHN NEWTON HOWITT, Plaintiff, *v.* STREET & SMITH PUBLICATIONS, INC., Defendant.

First Department, June 22, 1937.

*Arthur Garfield Hays* of counsel [*Hays, St. John, Abramson & Schulman,* attorneys], for the plaintiff.

*Louis P. Eisner* of counsel [*Brodek & Eisner,* attorneys], for the defendant.

COHN, J. The comptroller of the city of New York, acting pursuant to law (New York City Local Law No. 24 for 1934 [published as No. 25], Local Law No. 29 for 1935, and Local Law No. 31 for 1936), has assessed plaintiff in the sum of $28.20 as a sales tax, being two per cent of the amount involved in the transactions between plaintiff and defendant, it being claimed that such transactions constituted sales. Plaintiff has paid the tax but defendant has refused to reimburse plaintiff on the ground that the transactions are not taxable. Plaintiff claims judgment against defendant in the sum of $28.20, whereas defendant asserts that it is entitled to judgment in its favor.

Plaintiff is an illustrator and artist; defendant is a domestic corporation engaged in the business of publishing and vending books and periodicals. Between May 16, 1935, and April 22, 1937, defendant paid to plaintiff sums amounting to $1,410 in consideration of the assignment by plaintiff to defendant of exclusive licenses to reproduce sixteen of plaintiff's paintings. The licenses to reproduce are not coupled with the sale of the paintings or a right of possession

or title. It was stipulated that although delivery of the possession of the said paintings by plaintiff to defendant was unnecessary for defendant's exercise of the exclusive right of reproduction, nevertheless, for the convenience of defendant, plaintiff left said paintings in the temporary custody of defendant so that defendant's customary procedure might be adopted in the reproduction thereof as cover designs on defendant's magazines. It was further stipulated the only steps in the foregoing process in which the original paintings played any part were the photographing thereof for the preparation of blueprints and the visual comparison of the paintings with the plates and proofs during the touching up and finishing process, and these two steps could just as conveniently have been performed by the photo-engraver at plaintiff's studio without any delivery of the paintings into the custody of defendant, or the photo-engraver.

Plaintiff is authorized by law to ask for a judgment in this proceeding for the amount of tax claimed to be due from him by the city (Local Law No. 24 of 1934, § 2). The tax is upon the purchaser where there is a sale and the vendor, who is primarily liable for the payment of it to the city, acts as agent for the city in its collection.

The words " sale " and " selling " are defined (Local Law 24 of 1934, § 1) as follows: " (e) *The word ' sale ' or ' selling ' means any transfer of title or possession* or both, exchange or barter, *license to use* or consume, conditional or otherwise, in any manner or by any means whatsoever for a consideration, or any agreement thereor, and may include the rendering of any service specified in section two of this local law." (Italics ours.)

We are of the opinion that plaintiff's grant to defendant of reproduction rights of his work constituted a license to use and is, therefore, taxable as a sale. It is difficult to perceive how the publisher could exercise the right to reproduce paintings of the plaintiff, without having transferred to its possession for some length of time, the original paintings or illustrations for the purpose of making a copy or photograph.

The situation presented here is closely analogous to that disclosed in *Matter of United Artists Corp.* v. *Taylor* (273 N. Y. 334). In that case the Court of Appeals, speaking through O'BRIEN, J., said (at p. 341): " The transaction which is the subject of the tax under review consists of the transfer by the distributor to the exhibitor of the possession of corporeal property in the form of positive and negative prints of photoplays with the license to use or exhibit them for a specified time. The license to exhibit without the transfer of possession would be valueless. Together they are one transaction and constitute a sale within the definition of Local Law No. 24."

In this case the license to reproduce is of course valueless without the transfer of possession of the paintings from plaintiff, the vendor, to defendant, the purchaser, for an appreciable period of time, at least sufficient to make the copies or photographs.

In *People ex rel. Foremost Studio, Inc.*, v. *Graves* (246 App. Div. 130) it was held that a corporation was liable to assessment of a retail sales tax under the provisions of the State Tax Law (§§ 390–404) where it appeared that the corporation was conducting a business wherein it caused to be placed on paper, by designers in its employ, designs to be impressed on cloth and thereafter sold the sketches or designs to manufacturers of dress goods. In that case the physical thing, namely, the sketch or design, similar to the painting of the artist in this case, did not itself become a part of the finished product. The sketches or designs in each case had an intrinsic value. The license to use or reproduce them was what was sold. Such a sale is taxable.

For the foregoing reasons we conclude that the transactions between plaintiff and defendant constitute sales under the provisions of the local law and that plaintiff is entitled to judgment against defendant in the sum of $28.20, but without costs pursuant to stipulation.

MARTIN, P. J., DORE and CALLAHAN, JJ., concur; UNTERMYER, J., dissents and votes for judgment in favor of the defendant.

UNTERMYER, J. (dissenting). The intangible right granted to the defendant to reproduce the plaintiff's paintings was not a license " to use or consume " within the meaning of the local law. Such a transaction does not involve use or consumption any more than does the right to publish a book from a manuscript or a tune from a musical score, which have uniformly been held to be non-taxable   Such transactions consist of a transfer of possession, coupled only with the incorporeal right to reproduce without liability to the owner for damages for doing so. In this respect the case is very different from *Matter of United Artists Corp.* v. *Taylor* (273 N. Y. 334), where the films which were the subject of the tax were to be used in a motion picture machine and thus projected on the screen.

I, accordingly, dissent and vote for judgment in favor of the defendant.

Judgment directed in favor of the plaintiff against the defendant in the sum of $28.20, without costs. Settle order on notice.