## TOWN OF SOUTHINGTON, ET AL.
*vs.*
## MARK KASS, ET ALS.

Court of Common Pleas    Hartford County    File No. 37800

MEMORANDUM FILED JANUARY 30, 1939.

*J. Robert Lacey,* of Southington, for the Plaintiffs.

*J. Lambert Degnan,* of Southington; *Mitchell G. Meyers,* of Waterbury, for the Defendants.

MOLLOY, J.   This action, in 11 counts, returnable to this court on the first Tuesday of September, 1938, is against Mark Kass, the present title holder to the premises in question, Fulton Markets, Inc., prior owner thereof, and J. Lambert Degnan, administrator *c.t.a.,* of the estate of Harriet F. Peck, holder of a mortgage on the premises in the sum of $3,000.   The original prayer for relief sought a judgment of strict foreclosure against the defendants, Kass and Degnan, administrator, and a judgment on debt against Fulton Markets, Inc., on the first and seventh counts of the complaint for taxes levied against the property when held by Fulton Markets, Inc., and never paid by it to the plaintiffs.

Under date of October 28, 1938, the complaint was amended by adding the 11th count to cover the taxes on the list of 1937 against the defendant Kass.   The prayer for relief was then amended by adding to paragraph one of each plaintiff's claim for a judgment on debt against the Fulton Markets, Inc., the following: "or a foreclosure of said tax lien."   On said date a judgment of foreclosure by sale was entered apparently by consent of all concerned.   This was evidently the reason also, as disclosed by counsel in court, for the amendments to the prayer for relief as stated above.   The premises were sold by the committee, J. Lambert Degnan, on November 19, 1938, for $180, although they had been appraised for $3,000, and assessed for $10,000.

The plaintiffs now ask that the court accept the committee's report on the sale; that it order a discharge of the sale and a return of the bidder's deposit; that the judgment of foreclosure by sale be vacated and set aside; and that a judgment of strict

foreclosure be now entered against the defendants, Mark Kass, and J. Lambert Degnan, administrator, *c.t.a.*, of the estate of Harriet F. Peck. There is no opposition to these motions, and they are granted.

The plaintiffs also now seek permission to further amend the writ and complaint by striking out the prior amendment "or a foreclosure of said tax lien" to paragraph one of each of the plaintiffs' prayers for relief. These amendments, as I have pointed out, referred to the defendant, Fulton Markets, Inc. The plaintiffs do not now ask for a judgment of strict foreclosure against the defendant, Fulton Markets, Inc. They have moved for a judgment for money damages as in case of debt for the taxes which were assessed against Fulton Markets, Inc., as set out in counts one and seven of the complaint.

This defendant objects to the granting of the motion for permission to amend on the ground that to permit it would be an abuse of discretion by the court; and further, that it permits the plaintiffs to ask for money damages for the taxes assessed and due from Fulton Markets, Inc. The amendments should be allowed. While there are limits to the filing of amendments in any action, yet in the light of the facts already recited, I do not believe it is an abuse of discretion, but entirely reasonable to permit its filing. It is therefore allowed.

This brings up the whole question of whether the plaintiffs are entitled to a judgment of foreclosure against some of the defendants, and a judgment as in case of debt for the taxes levied and owed by the defendant Fulton Markets, Inc. The problem presented involves an interpretation of section 1231 of the General Statutes, Revision of 1930, which reads as follows: "All taxes properly assessed shall become a debt due from the person, persons or corporation against whom they are respectively assessed, to the town, city, district, or community in whose favor they are assessed, and may be, in addition to the other remedies provided by law, recovered by any proper action, in the name of the community in whose favor they are assessed."

A tax is, therefore, a debt recoverable from the party against whom it is assessed or his immediate representatives. *Cole vs. Rice,* 74 Conn. 680. The primary object of the statute is to provide a simple remedy for the collection of taxes by ordinary action. *Cromwell vs. Savage,* 85 Conn. 376.

Now, counsel for the plaintiffs in his brief has traced out somewhat the history of section 1231. As the statute formerly read, there was some question as to whether or not it permitted a recovery for the taxes if there had been a substantial recovery by any other remedy.

Section 1231, in the Revision of 1918, was section 1313, and provided as follows: "All taxes, properly assessed, shall become a debt due from the person, persons or corporation, against whom they are respectively assessed, to the town, city, district or community in whose favor they are assessed, and may be, in addition to the other remedies provided by law, recovered by any proper action, in the name of the community in whose favor they are assessed; but the bringing of an action under this section shall in no way whatsoever affect the life of the lien given under section 1308, or the right to bring action of foreclosure under the same; *provided*, a substantial recovery by either of such remedies shall bar a recovery by any other remedy."

As thus worded the statute did provide that a substantial recovery by one remedy provided by law would bar a recovery by any other remedy. However, that statute as now worded in section 1231 omits all reference to a substantial recovery under one remedy barring further recovery under another remedy. As counsel for the plaintiffs points out: "An examination of the early statutes relating to the collection of taxes by ordinary suit, as in case of debt, discloses that the provisions of section 3901 of the General Statutes, Revision of 1888, and the provisions of section 2407 of the General Statutes, Revision of 1902, conform to the provisions of the present law on the subject, namely: Section 1231 of the General Statutes, Revision of 1930, and contain nothing relating to substantial recovery."

This provision relating to substantial recovery has apparently either been repealed or dropped by the revision commissioners when the Revision of General Statutes of 1930 was compiled, and section 1231 as it now stands is the law, for section 1187B of the Cumulative Supplement to the General Statutes (1933) provides: "The general statutes of the state, as corrected, revised, arranged, incorporated and published in 1930, by and under the supervision of the commission appointed for that purpose, are hereby adopted, ratified, confirmed and enacted."

Now, it is the contention of the defendant Fulton Markets, Inc., that the words "in addition to" as used in section 1231

must be construed to mean that if the other remedies provided by law satisfied the debt, then no action will lie; that is, if the value of the premises as determined by the court equals or exceeds the amount of the tax debt. The defendant concedes, however, that if the premises are found to be of less value than the tax debt, then the plaintiffs could claim the difference under this section. The argument proceeds further, that where the plaintiffs are seeking either money damages for the tax debt, or a foreclosure of the tax lien as in the case of the Fulton Markets, Inc., then the court in the exercise of its discretion should select the more equitable relief, and grant a foreclosure alone, and not a judgment for the recovery of the tax debt also.

In this connection, however, it must be remembered that in view of the plaintiffs' last amendments they seek only a judgment on the tax debt from the Fulton Markets, Inc., for the taxes which were levied and assessed against it and never paid by it.

If the statute did provide that a substantial recovery by one remedy would bar recovery by any other, then there would seem to be considerable merit to the claim of the defendant Fulton Markets, Inc., but it is plain to me that it is now permissible for the plaintiffs to proceed in one action and at one and the same time to foreclose certain liens for unpaid taxes against the defendant, Mark Kass, as owner of the equity of redemption of the premises, and against the defendant Fulton Markets, Inc., a predecessor in title to the premises and no longer claiming any interest therein, to recover certain taxes assessed against it.

The case of *Bridgeport vs. Equitable Title and Mortgage Co.,* 106 Conn. 542, concerns an interpretation of the statute in question when it was section 1313 of the General Statutes, Revision of 1918. In that case the defendant, who was the owner of the equity of redemption, contended that the attempt of the plaintiff municipality to secure a foreclosure of tax liens, instead of relying entirely on the right to collect the balance of the taxes from the prior owner against whom the taxes were assessed, was inequitable. The court held, however, that the fact that the prior owners were directly liable for the taxes did not require the city to exhaust its remedies against them before suing others, the choice and order of remedies being optional with the city.

I am fully appreciative of the defendant's argument that no personal judgment should be rendered against it under the first or seventh counts of the complaint for the reason that the premises have been appraised by disinterested appraisers appointed by this court, in the amount of $3,000, and that the premises have been assessed for $10,000 by the town, and that the total amount of taxes due from all the defendants is less than the appraised valuation, $3,000. But I agree with counsel for the plaintiffs that this position is not well taken for it presupposes that the owner of the equity of redemption, or the Peck estate, which claims an interest in the premises by reason of a mortgage thereon, will not redeem. The experience of the sale is rather impressive on this point. It was that no matter what the appraisal or assessment value of the premises was, the premises brought only $180 on the sale.

In the instant case, it is not questioned that the taxes were properly assessed against the defendant and due and owing from it to the plaintiffs. If not, the defendant had its remedy at the time the assessments were laid. It could have appealed to the Board of Relief and if not satisfied with its action, to the Superior Court. But in an action to collect the tax it cannot contest the valuation which had been placed upon its property and upon which taxes were levied against it. *West Haven vs. Aimes*, 123 Conn. 543.

If we were to follow the defendant's argument to its logical conclusion, in the light of the experience of the sale, it would simply mean this: that if the defendants Kass and Peck estate, redeemed the premises on a foreclosure alone, they would have to pay the tax of the defendant Fulton Markets, Inc.; and if they did not, then the plaintiffs would be taking title to the premises, which at a sale brought an amount considerably less than the amount of the taxes due from all the defendants. In other words, it would mean that the defendant Fulton Markets, Inc., holder of the premises for the duration of two tax lists, would escape entirely without paying the taxes which had been levied and assessed against it. In the light of the facts in this case, this would be inequitable. The plaintiffs, under the circumstances, I feel are justified in the course which they have taken.

Judgment is, therefore, directed for the plaintiff, Town of Southington, to recover of the defendant Fulton Markets, Inc., $385.49, and for the plaintiff, Borough of Southington, to re-

cover of the defendant Fulton Markets, Inc., $100.20; and judgment of strict foreclosure is directed against the defendants Mark Kass and J. Lambert Degnan, administrator, *c.t.a.,* of the estate of Harriet F. Peck.

Redemption date is fixed as March 1, 1939, for Mark Kass, and March 2, 1939, for J. Lambert Degnan, administrator, *c.t.a.*