LORRAINE V. WIXNER *v.* WALTER WIXNER

KING, C. J., ALCORN, HOUSE, COTTER and THIM, Js.

Argued October 5—decided November 2, 1966

*Ralph J. Lockwood,* for the appellant (defendant).

*Edmund J. Ramos,* for the appellee (plaintiff).

PER CURIAM.   The defendant husband has appealed from a judgment of the Superior Court which awarded the plaintiff wife a divorce on the ground of intolerable cruelty.   General Statutes § 46-13.

The case had been referred to a state referee, who, after a hearing, submitted a report and, at the parties' request, a finding of subordinate facts. The referee concluded that the defendant's conduct toward the plaintiff constituted intolerable cruelty. On the plaintiff's motion, after a hearing on the

703

defendant's exceptions to the report, the court accepted the report and granted the divorce.

When the defendant filed his appeal, he requested the court to make a finding. A finding by the court was inappropriate. *Dion* v. *Dion,* 128 Conn. 416, 417, 23 A.2d 314. We have repeatedly pointed out that in cases where the court hears no evidence it should not make a finding. See, e.g., *Wilusz* v. *Ives,* 152 Conn. 352, 354, 206 A.2d 841; *Gulf Oil Corporation* v. *Board of Selectmen,* 144 Conn. 61, 64, 127 A.2d 48. In the present case, the court erroneously complied with the defendant's request and made an extensive "finding," apparently based on a reading of the transcript of the evidence taken at the referee's hearing. The errors which the defendant assigns are directed to matters contained in the inappropriate and improper finding. The errors which are assigned in no way challenge the court's exercise of its function under Practice Book § 363, and therefore no issues are properly presented to us.

There is no error.