Boris Churyk Water Well Drilling Company, Inc. *v.* Peter J. Genovese et al.

Appellate Session of the Superior Court

File No. 240

Argued May 12—decided July 16, 1976

*Howard C. Kaplan,* for the appellants (defendants).

*Burton M. Weinstein,* for the appellee (plaintiff).

Per Curiam. The plaintiff brought this action to recover damages for services that it allegedly rendered the defendants in drilling an artesian well on their property. The case was referred to a state referee who heard the evidence and submitted a report. In the report the referee concluded that the plaintiff had substantially complied with his agreement to drill an artesian well on the defendants' property and he recommended that the plaintiff be awarded $3150 in damages. After a hearing on the defendants' motion objecting to the plaintiff's motion for judgment on the referee's report, the court rendered judgment for the plaintiff "in conformance with the report of the referee." The defendants have appealed from that judgment.

Upon filing their appeal the defendants requested the court to make a finding and they filed a draft finding which drew extensively on the transcripts of evidence taken at the referee's hearing. The court complied with the defendants' request and made a finding apparently based on a reading of those transcripts. The court should not have made a finding

because it had heard no evidence. *Wixner* v. *Wixner,* 154 Conn. 703, 704; *Dion* v. *Dion,* 128 Conn. 416, 417. The defendants should have requested the referee to make a finding. Practice Book § 355.

It appears that the defendants later realized that it was inappropriate for the court to have made a finding in this case since they filed a motion to correct the finding in which they asked the court "to omit all findings of fact not directly stated in the report of the referee. . . ." The court denied the motion to correct. The defendants then filed assignments of error and a brief in which they claimed, principally, that the court erred in preparing a finding based upon the exhibits and the transcripts of the evidence before the referee. The court then corrected its finding by withdrawing the original finding and substituting in lieu thereof the referee's report "as the finding in this case." The defendants subsequently filed supplemental assignments of error attacking the court's issuance of a corrected finding as well as certain paragraphs of the referee's report. The defendants also claimed that the court erred in refusing to make findings upon certain rulings of evidence made by the referee.

The defendants have claimed that the court erred in issuing a corrected finding. Since the court had no authority to make any finding in this case; *Wixner* v. *Wixner,* supra; it could not rectify its error in originally making the finding by adopting the referee's report as its finding. That error, however, which was induced by the defendants' original request for a finding and by their first motion to correct the finding, must be deemed inconsequential because of the failure of the defendants to follow the rules pertaining to references to a state referee acting as a committee.

The procedural rules which govern cases that are referred to committees and state referees are con-

tained in chapter 15 of the Practice Book. See *Harbor Construction Corporation* v. *D. V. Frione & Co.*, 158 Conn. 14, 17–20. Those rules set forth in detail the procedures to be followed to request a finding; Practice Book § 355; to correct the referee's report or finding and to have rulings on evidence set forth; Practice Book § 358; to take exception to a report or finding; Practice Book § 359; and to object to the acceptance of a report. Practice Book § 360. Furthermore, Practice Book § 363[1] specifically defines the function of the court in those actions.

We cannot review any of the defendants' claims of error regarding the actions and rulings of the referee and the court because of the defendants' failure to comply with the procedures set forth in chapter 15 of the Practice Book. The defendants did not provide the referee or the court with any opportunity to exercise their respective functions and no issues are properly presented to us. *Wixner* v. *Wixner*, supra, 704.

There is no error.

SPEZIALE, PARSKEY, and D. SHEA, Js., participated in this decision.

[1] "[Practice Book] Sec. 363. FUNCTION OF THE COURT The court shall render such judgment as the law requires upon the facts in the report as it may be corrected. If the court finds that the committee has materially erred in his rulings or that by reason of material corrections in his findings the basis of the report is subverted or that there are other sufficient reasons why the report should not be accepted, the court shall reject the report and refer the matter to the same or another committee for a new trial or revoke the reference and leave the case to be disposed of in court.

"The court may correct a report at any time before judgment upon the written stipulation of the parties or it may upon its own motion add a fact which is admitted or undisputed or strike out a fact improperly found."