[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#105)
Facts
The plaintiff, Shoreline International Trucks, Inc., has brought this collection action against the defendant, Salka Freight Lines, Inc.
The following facts are alleged in the plaintiff's three count complaint filed on March 12, 1990. On December 14, 1986, the defendant bought two trucks from the plaintiff. The defendant represented to the plaintiff that the trucks were to be used exclusively in interstate commerce so that it was exempt from sales tax. The state's Commissioner of Revenue Services determined that a taxable sale had been made and charged the plaintiff for the sales tax. The first count of the complaint seeks reimbursement for the taxes paid. Count two is in subrogation. The last count alleges unjust enrichment on the part of the defendant.
The defendant filed an answer with two special defenses on May 8, 1990. The first special defense alleges that the plaintiff represented to the defendant that the plaintiff had knowledge of the sales tax law and that the plaintiff could register the trucks for the defendant without any sales tax being added to the price. The second special defense alleges that if a sales tax was owed by the defendant, the plaintiff cannot now try to collect it. The plaintiff filed a reply to the special defenses on June 1, 1990.
The plaintiff, on June 1, 1990, filed a motion for summary judgment. In support of the motion, the plaintiff filed: an affidavit of Wallace Ford, Secretary/Treasurer of Shore Line International; an invoice and letters between the plaintiff and the defendant; and a memorandum of law. CT Page 1255
The defendant filed an objection to the motion for summary judgment on June 22, 1990. In support of the objection, the defendant filed an affidavit of Kenneth Salka, president of Salka Freight Lines; a permit from the Interstate Commerce Commission; a letter from the Department of Revenue Services; and a memorandum of law.
Discussion
"In any action. . .any party may move for a summary judgment." Conn. Practice Bk. section 379. "The judgment sought shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Conn. Practice Bk. section 384.
The plaintiff argues, in its memorandum in support of its motion, that it did not charge the defendant sales tax at the time of the sale because the defendant told the plaintiff that the trucks would be used solely outside the state of Connecticut. The plaintiff further argues that the trucks were used in Connecticut and that the plaintiff had to pay the sales tax to the state. The plaintiff argues that the responsibility of the sales tax is on the purchaser and that it should be reimbursed by the defendant for the payment it made.
The defendant argues, in its memorandum in opposition, that if the plaintiff does not charge the defendant with sales tax at the time of the sale, then the defendant is relieved of its obligation. The defendant also argues that the plaintiff represented to the defendant that the defendant could register the trucks in Connecticut without paying a sales tax.
Connecticut General Statutes, section 12-408, provides in pertinent part:
 The sales tax. (1) Imposition and rate of sales tax. For the privilege of making any sales as defined in subsection (2) of section 12-407, at retail, in this state for a consideration, a tax is hereby imposed on all retailers at the rate of seven and one-half per cent of the gross receipts of any retailer from the sale of all tangible personal property sold at retail. . . .
 (2) Retailer collects tax from consumer credit allowed for tax remitted to state on worthless CT Page 1256 account receivable. Reimbursement for the tax hereby imposed shall be collected by the retailer from the consumer and such tax reimbursement, termed "tax" in this and the following subsections, shall be paid by the consumer to the retailer and each retailer shall collect from the consumer the full amount of the tax imposed by this chapter or an amount equal as nearly as possible or practicable to the average equivalent thereof. Such tax shall be a debt from the consumer to the retailer, when so added to the original sales price, and shall be recoverable at law in the same manner as other debts except as provided in section 12-432a.
"In both intrastate and interstate transactions', the ultimate burden of the sales tax and the use tax falls on the purchaser." Robert Emmet Son Oil Supply Co. v. Sullivan,158 Conn. 234, 239 (1969). In Wesson, Inc. v. Hychko,205 Conn. 51 (1987), the plaintiff-seller paid a motor vehicle fuel tax which was the responsibility of the defendant- purchaser. The plaintiff then sought reimbursement from the defendant. "Under Connecticut law the wholesaler is the collecting and remitting agency. He pays for the account of the purchaser." Id. at 55. (Citations omitted). "The plaintiff was entitled to recover under the principle that it has been legally compelled to pay an obligation for which primary liability is imposed. . .on the defendant purchaser, who would be unjustly enriched by the retention of the benefit thus conferred." Id. at 59.
The defendant relies heavily on Voloshin Cadillac Co. v. Wischert, 37 Conn. Sup. 642 (App. Sess. 1981) which held that in a situation where the sales tax is not collected at the time of the actual sale or transfer, the seller cannot subsequently collect the tax from the purchaser. However, the Voloshin Cadillac holding has been called into doubt as a result of the Wesson decision. Hartford Parkview Associates Limited Partnership v. Groppo, 211 Conn. 246, 256 n. 9 (1989).
Notwithstanding the dubious vitality of Voloshin Cadillac, this court believes there are substantial issues of material fact as to the representations, if any, made by either or both of the parties at the time of transfer of the property. According to the evidence submitted in connection with this motion, each claims that it relied on the representation of the other to its detriment. These issues of material fact directly impact on the failure to collect and pay the applicable tax at the time of the sale. CT Page 1257
For the foregoing reasons, the plaintiff's motion for summary judgment is denied.
So ordered.
HARTMERE, J.