[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: ATTORNEY TRIAL REFEREE REPORT FOR JUDGMENT
By complaint filed on February 22, 1991, and later amended on January 22, 1992, plaintiff Patricia Martino, d/b/a Buddy's Fuel, a distributor of motor fuel, brought suit against defendant G.M. Excavating, Inc., seeking reimbursement for taxes that the plaintiff paid to the Commissioner of Revenue Services, pursuant to General Statutes 12-455a(a) and 12-458 on behalf of the defendant. In the second count the plaintiff also seeks reimbursement for motor fuel that was delivered to the defendant, and for which the defendant has refused to tender payment. The plaintiff seeks total reimbursement from the defendant in the amount or $7,924.11 ($6,495.59 for sales tax on previously delivered fuel; $1,279.68 for unpaid deliveries of fuel; and sales tax in the amount of $148.74 for the unpaid fuel).
The defendant filed an answer on February 27, 1992, and raised the following special defenses: (1) that it was not legally or equitably bound to pay for taxes imposed by General Statutes 12-458; (2) that the fuel was purchased for use in vehicles which were not operated on public highways, and thus, was exempt from the imposition of such taxes; (3) that the plaintiff failed to mitigate its tax liability by requesting a refund in accordance with 12-459; and (4) that it is entitled to a setoff for any refund that the plaintiff may receive. The plaintiff replied to the special defenses on March 3, 1992.
The case was referred to a trial referee on May 12, 1992. A hearing was held before an Attorney Trial Referee ("ATR") on July 10, 1992. On August 10, 1992, the ATR filed a report which contained the following findings: (1) that the defendant admitted to the allegations contained in the second count (that it did not pay for certain fuel deliveries); (2) that the controlling law is found in Wesson, Inc. v. Hychko,205 Conn. 51, 529 A.2d 714 (1987); (3) that the defendant's special defenses failed to properly raise the issue of prejudice (See CT Page 1323 Wesson, Inc. v. Hychko, supra, 60 n. 4); (4) that the defendant failed to sustain its burden of proof on its special defenses; and (5) that based on the evidence, judgment should enter in favor of the plaintiff, in the amount of $7,924.11.
POST-TRIAL MOTIONS
After the plaintiff moved for judgment on the report and after the defendant moved for an extension of time, the defendant filed a request for finding on August 24, 1992, in which the defendant requested the ATR to make the following findings: (1) that the defendant was prejudiced by the plaintiff's failure to timely bill the defendant for sales taxes; (2) that the plaintiff did not timely bill the defendant for the sales taxes; (3) that the defendant used the fuel for home heating purposes and operation of equipment not driven on roads; and (4) that the plaintiff did not request that the defendant participate in the tax audit proceeding. On August 24, 1992 the defendant also filed a motion to correct the ATR's report by which the defendant requested the ATR to make the following corrections on the following grounds:
 (1) Strike the reference that the defendant did not file the necessary defenses or in the alternative set forth the legal basis of the conclusion reached by the referee.
 Grounds: Said request is necessary to perfect the record.
 (2) Correct the report to add the use of the fuel by the defendant was for home heating and off road equipment.
 Grounds: There was uncontroverted testimony by the defendant as to the usage of the fuel.
 (3) Correct the report to add the fact that the plaintiff did not timely bill the defendant for taxes on fuel purchases.
 Grounds: Said request is necessary to perfect the record.
(4) Correct the report by stating the CT Page 1324 referee's acceptance or rejection of the defendant's claim of prejudice that the statutory scheme of the statute and the actions of the plaintiff relative to requesting a refund and articulate the referee's response.
 Grounds: Said request is necessary to perfect the record.
 (5) Correct the report by stating and articulating the referee's acceptance or rejection of the defendant's claim that the instant case is distinguishable from the holding in Wesson vs. Hychko and the holdings in Voloshin Cadillac Co. vs. Groppo as stated in defendant's brief.
The defendant also filed its objection to the acceptance of the ATR's report on August 24, 1992.
On August 26, 1992, the plaintiff filed a motion to strike the defendant's motion to correct, along with a supporting memorandum of law. In support of her motion, the plaintiff argues: (1) that the defendant's request for finding is untimely because it should have been made before the ATR filed his report; and (2) that the defendant's motion to correct has been waived by the defendant's filing of an objection to acceptance of the committee report (i.e., the defendant is pleading out of order). The plaintiff also filed an objection to the defendant's request for finding on the grounds that the defendant's request was untimely, as it was made after the ATR filed his report.
On August 27, 1992, the ATR denied the defendant's request for finding and its motion to correct. (Reasons are not articulated in the file).
1. General Rules
The Practice Book sections that apply to committees (434-44), as well as the cases cited therein, may be applied to attorney trial referees. See Seal Audio, Inc. v. Bozak, Inc.,199 Conn. 496, 502-03, 508 A.2d 415 (1986). An "attorney referee is simply a factfinder" and has no power to render a judgment. CT Page 1325 Rostenberg-Doern Co. v. Weiner, 17 Conn. App. 294, 299,552 A.2d 827 (1989). Nevertheless, attorney referees are permitted to express their views on questions of law. Id. Although a trial court is bound by an attorney trial referee's findings of facts, it is not bound by the referee's conclusions of law. Dillis v. Town of Enfield, 210 Conn. 705, 713, 557 A.2d 517 (1989); Four D's, Inc. v. Mattera, 25 Conn. App. 308, 594 A.2d 484 (1991). The "trial court has the power to render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee." Dillis v. Town of Enfield, supra, 713.
2. Request for Finding
A request for finding of subordinate facts, authorized by Practice Book 435 should be made before the committee files its report. (Emphasis added.) Alishausky v. McDonald,117 Conn. 138, 140-41, 167 A. 96 (1933); Harbor Construction v. D.V. Frione Co., 158 Conn. 14, 18, 255 A.2d 823 (1969). This motion should be addressed to the referee, as the court did not hear any evidence, and thus, cannot make a finding. Boris Churyk Well Drilling Co. v. Genovese, 33 Conn. Sup. 722,368 A.2d 1184 (App. Sess. 1976).
In the present case, the defendant's request for finding of subordinate facts is untimely, since it was made after the ATR filed his report. The defendant's request was denied properly by the ATR on August 27, 1992.
3. Motion to Correct: Practice Book 438
Within two weeks after the filing of the report, either party may move to correct it. Practice Book 438; Harbor Construction Corp. v. D.V. Frione, supra, 19. The ATR or the court, for good cause shown, may allow extensions of time for filing motions to correct. Practice Book 444. The court will not later review any findings of fact or rulings made by the ATR unless those rulings are first raised in a motion to correct Harbor Construction Corp., supra, 20-21. It is the ATR's duty "to review all of the evidence to determine whether on the basis of the weight of it, any correction is necessary." Corriveau v. Jenkins Bros., 144 Conn. 383, 387, 132 A.2d 67 (1957). The ATR then files its decision on the motion with the court as soon as practicable. Practice Book 438; Seal Audio, supra, 503. CT Page 1326
If the ATR fails to correct a report as requested, the moving party may file exceptions seeking correction of the report by the court within ten (10) days after the decision on the motion to correct has been filed. Practice Book 439; Garofalo v. Argaves, 147 Conn. 655, 687, 166 A.2d 158 (1960). These exceptions must be accompanied by a transcript of the evidence taken before the ATR. Id. The court will generally not consider an exception unless its subject matter has been submitted to the ATR in a motion to correct; Naftzger v. Naftzger Kuhe, Inc., 26 Conn. App. 521, 525, ___ A.2d ___ (1992); however, the court will consider the exception if it is in regard to corrections in the report or to a finding made after the report was filed. Practice Book 439. The court will correct the report where material facts were found without evidence or where the ATR has failed to find an admitted or undisputed fact, or found a fact in ambiguous language. Seal Audio, supra, 503; Janow v. Ansonia, 11 Conn. App. 1, 5-6, n. 5,525 A.2d 966 (1987). A party who fails to file a motion to correct waives any right to attack the subordinate factual findings in the report. Naftzger v. Naftzger Kuhe, Inc., supra; LiVolsi v. Pylypchuk, 12 Conn. App. 527, 528,532 A.2d 593 (1987).
The defendant's motion to correct was denied by the ATR on August 27, 1992. The defendant did not file an exception with the court pursuant to Practice Book 439. Instead, the defendant chose on August 24, 1992 to file an objection to acceptance of the ATR's report.
Since the defendant did not file an exception pursuant to Practice Book 439, the defendant has waived its right to attack the subordinate factual findings in the ATR's report. The court should not review issues of fact pursuant to the three categories in Practice Book 439, namely: (1) whether the fact in question was found without evidence; (2) whether there was a failure to find a fact that was admitted or undisputed; or (3) whether a fact should be set aside because it was found without evidence. Whewell v. Ives, 155 Conn. 602, 608-09, 236 A.2d 92
(1967).
4. Objection to Acceptance of Report: Practice Book 440
Within two weeks after the filing of a report or finding, or if a motion to correct the report has been made, within two weeks from the filing of the decision on the motion, CT Page 1327 objections to the acceptance of the report should be filed. Practice Book 441. No appellate review is permitted when the appellant "fails to file a motion to correct the report of the referee pursuant to Practice Book 438 or an objection to acceptance thereof pursuant to Practice Book 440." Seal Audio, supra, 518.
An objection is addressed to the ATR's legal conclusions while an exception challenges its findings of fact. See Dorsen v. Kay, 13 Conn. App. 645, 649, 538 A.2d 1080 (1988); cf. Ross v Renzulli, 9 Conn. App. 87, 89-90, 516 A.2d 149 (1986); Ruhl v. Fairfield, 5 Conn. App. 104, 106 (1985). Thus, as to factual determinations, "absent a motion to correct and a subsequent exception to the report, the trial court, in ruling on the objection, [is] limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions." Ruhl v. Fairfield, supra, 106.
The court's function in this process is further explained in Practice Book 443, which provides that:
 The court shall render such judgment as the law requires upon the facts in the report as it may be corrected. If the court finds that the committee has materially erred in his rulings or that by reason of material corrections in his findings the basis of the report is subverted or that there are other sufficient reasons why the report should not be accepted, the court shall reject the report and refer the matter to the same or another committee for a new trial or revoke the reference and leave the case to be disposed of in court.
 The court may correct a report at any time before judgment upon the written stipulation of the parties or it may upon its own motion add a fact which is admitted or undisputed or strike out a fact improperly found.
The defendant filed its objection to the acceptance of the report on August 24, 1992. The defendant objects on the grounds that "the committee erred in its rulings of law." CT Page 1328
The only legal issue subject to review in this case is whether the defendant is ". . . legally or equitably bound to pay plaintiff for taxes imposed by Connecticut General Statutes Section 12-458" — the issue interposed by the defendant in its first special defense. However, the resolution of this legal issue is contingent upon the resolution of the subordinate factual issues raised in defendant's second and third special defenses, viz whether ". . . the fuel utilized was for motor vehicles and equipment not operated on public highways of the state and therefore exempt of tax;" whether ". . . [t]he plaintiff failed to mitigate the taxes imposed by requesting a refund in accordance with the Connecticut General Statutes Section 12-459," as well as the resolution of the set-off claims that "[t]he defendant is entitled to a setoff for the refund the plaintiff should have obtained for any tax imposed."
The Attorney Trial Referee found that the defendant failed to sustain its burden of proof as to any of the special defenses. Clearly, the untimely challenging of the Attorney Trial Referee's finding as to the factual components of these special defenses forecloses the court from considering the evidence in this matter. Ruhl, supra, at 106. Although constitutionally only the court can apply the law, and is the effective arbiter of the law in ATR matters, Seal Audio, Inc., supra, at 510, the law is not applied in a vacuum. Inasmuch as the factual predicates for defendant's legal arguments were found against the defendant, this court does not reach the defendant's legal claims.
Accordingly, having reviewed the ATR Report and Practice Book Section 443, the court hereby enters judgment in accordance with said report.
The foregoing judgment renders unnecessary judicial review of the motion to strike.
Clarance J. Jones Judge