[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' AWARD OF ATTORNEY'S FEES AND INTEREST IN SUBROGATION ACTION
In its earlier decision in this case, the court after trial found that defendants Louis Gherlone Excavating, Inc., Louis Gherlone and Linda Gherlone were indebted to plaintiff Astro Oil in the amount of $23,382.32 plus interest as reimbursement for the payment of sales tax on fuel oil. The liability of defendants Louis Gherlone and Linda Gherlone was based upon a guaranty agreement signed by them which by its terms guaranteed the CT Page 10596 payment of charges for fuel oil sold by the plaintiff to the defendant company, as well as the payment of the company indebtedness "from any other source."
The Court also ruled that the plaintiff was entitled to counsel fees based upon the written guaranty. Furthermore, the court set a date for a hearing on attorney's fees and interest. Memoranda of law were submitted by counsel preparatory to the hearing on these issues.
At the hearing the defendants argued, inter alia, that the individual defendants are not liable to the plaintiff for the reasons that 1) the plaintiff's payment of a late discovered sales tax obligation to the State Department of Revenue is not an extension of "credit" to the defendant company as the term "credit" is contemplated in the agreement, 2) the written agreement in the form of a "continuing guaranty" expired prior to the payment of the sales tax, and 3) an award of counsel fees is not permitted through an action in subrogation.
The court considers the defendants' claims as a reargument of its ruling finding the individual defendants responsible for damages, interest and attorney's fees in this case, and shall review it accordingly.
Notwithstanding the defendants' contention that the language of the guaranty does not support its application to the finding in this case, the court finds the opposite. The language of the "continuing guaranty" signed by Louis and Linda Gherlone provides in part as follows:
 [i]n consideration of your extending credit to Louis Gherlone Excavating, Inc. we . . . guarantee the. . . . payment . . . of . . . its indebtedness . . . whether arising out of loan, extension of credit . . . or any other source, together with the interest thereon . . . together with attorneys' fees and costs incurred in pursuing payment from . . . the undersigned. (Emphasis added.)
Although the defendants argue that "credit" as contemplated by the guaranty was not extended since the defendant corporation paid its bills on time, the court finds that the provision of the "continuing guaranty" was one of the prerequisites to the formation of the very business relationship of the parties, and as such it is operational and covers the indebtedness here which arises under the "any other source" language in the guaranty.
Citing the case of Monroe Ready Mix Concrete v. Westcor DevelopmentCT Page 10597Corporation, 183 Conn. 348 (1981), the defendants also argue that the continuing guaranty lapsed or abated because it was signed "fifty-one" months before it was first asserted as a basis for recovery. However, the facts in this case are unlike those in Monroe, supra, where the trial court there found that the personal guaranty of the parties terminated because of a "discontinuance of business between the parties after the account had been paid in full, for a period of thirty-one months, as indicating an intent to cancel out and nullify the guaranty contract." Id. at 350. The court in Monroe, supra also found that the guarantor's refusal to sign a subsequent guaranty contract indicated the guarantor's intention not to be bound in a guaranty. In this case the parties did not cease relations and the individual defendants did not voice their desire to terminate their guaranty prior to the case in controversy.
The defendants also argue that subrogation does not permit an award of counsel fees. Our Supreme Court recognizes the importance of subrogation in realigning liability.
 `Subrogation is a doctrine which equity borrowed from the civil law and administers so as to secure justice without regard to form or mere technicality. Story's Eq. Juris. (Vol. 2, 14th Ed.) § 706, says: It is broad enough to include every instance in which one party pays a debt for which another is primarily answerable, and Page 794 which, in equity and good conscience, should have been discharged by the latter.' It is a legal fiction through which one who, not as a volunteer or in his own wrong and where there are no outstanding and superior equities, pays the debt of another, is substituted to all the rights and remedies of the other, and the debt is treated in equity as still existing for his benefit. (Internal quotation marks omitted.)
 Home Owners' Loan Corp. v. Sears, Roebuck Co., 123 Conn. 232, 238
(1937)
Nevertheless, we must be mindful that Connecticut follows the general "American rule" that ". . . attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception." 24 Leggett Street Ltd. Partnershipv. Beacon Industries, Inc., 239 Conn. 284, 311 (1996). Although an indemnitee is entitled to recover from an indemnitor expenses, attorney's fees and costs as part of damages, generally the attorney's fee award is limited to the indemnitee's defense of the claim, rather than to the fee rendered in establishing the right to indemnity. Sendroff v. Food Mart ofCT Page 10598Connecticut, Inc., 34 Conn. Sup. 624, 626, 381 A.2d 565, 566 (1977). However, an exception to the general rule clearly exists where by statute or contract a provision for recouping attorney's fees exists. 24 LeggettStreet Ltd. Partnership v. Beacon Industries, Inc. Id.
This court finds that the language of the written guaranty in this case fulfills the exception inasmuch as it obligates the guarantors to pay ". . . the indebtedness. . . . together with attorney's fees. . . .). Accordingly, the award of counsel fees is appropriate in this case.
Finally, the defendants contest the awarding of interest as part of the indebtedness. As the basis of their argument they cite Wesson, Inc. v.Hychko 205 Conn. 51 (1987) — a case similar to this one. InWesson, supra the Supreme Court overturned an interest award. However, the matter that differentiates this case from Wesson is the guaranty. A guaranty was not among the facts in Wesson.
The guaranty in this case — providing for the payment of an indebtedness together with interest must be read in context with the provisions of the Application To Open Account to which it is attached. of principal significance in this regard is the following wording on said application: `[i]f credit is extended to the Undersigned, the Undersigned agrees to pay a service charge of 1 1/2% a month on any outstanding balance. . . ." The court interprets the term "service charge" as tantamount to interest, and the term "outstanding balance" to be inclusive of taxes."
 Award of Attorney's Fees and Interest
Upon the foregoing legal analysis, the court hereby enters the award of attorney's fees and interest as follows:
A. Attorney's fees
$13,850.00 [Affidavit of Attorney's Fees, dated May 21, 2001]
B. Interest
$6,418.75 [1 1/2% per month on $23,382.32 from 3-25-2000 — the date of payment of the taxes — to 8-3-2001)
Clarance J. Jones, Judge