LEO RUHL *v.* TOWN OF FAIRFIELD
(3422)

DUPONT, C. J., BORDEN and BRENNEMAN, Js.

Argued June 7—decision released August 27, 1985

*Paul M. Tymniak,* for the appellant (defendant).

*T. Paul Tremont* and *Robert R. Sheldon* filed a brief for the appellee (plaintiff).

PER CURIAM. The plaintiff was injured while walking on Fairfield Beach Road in the town of Fairfield. He brought an action pursuant to General Statutes § 13a-149 against the defendant town of Fairfield for breach of its statutory duty to keep the public highway in repair. The case was referred to an attorney trial referee pursuant to General Statutes § 52-434 (a) (4). After trial, the attorney referee filed a report setting forth his findings and awarding damages to the plaintiff. The trial court rendered judgment accepting the report, from which the defendant appeals.

On this appeal, the defendant challenges two findings of the attorney trial referee: (1) that the road in question was a public highway by dedication; and (2) that the defects in the roadway were the sole proximate cause of the plaintiff's injuries.

Proceedings before attorney state trial referees are governed by procedures set forth in Practice Book §§ 434 through 444. Upon the filing of the referee's report, the defendant filed no motion to correct the findings as provided in § 438 of the Practice Book. Instead, the defendant filed a general objection to the trial court's acceptance of the referee's report pursuant to § 440 as being "contrary to the weight of law."[1]

---

[1] This is the only indication this court has of the substance of the defendant's objections since no transcript was filed of the July 16, 1984 hearing before the trial court on the defendant's objection to the acceptance of the report.

Neither issue raised on this appeal involves a question of law. Whether a road which has not been formally accepted by a town has become a public highway by dedication is a question of fact. *Meder* v. *Milford,* 190 Conn. 72, 75, 458 A.2d 1158 (1983); *Meshberg* v. *Bridgeport City Trust Co.,* 180 Conn. 274, 279, 429 A.2d 865 (1980). Likewise, whether defects in a public roadway were the sole proximate cause of a plaintiff's injuries is a question of fact. *Trzcinski* v. *Richey,* 190 Conn. 285, 295, 460 A.2d 1269 (1983); *Fukelman* v. *Middletown,* 4 Conn. App. 30, 31, 492 A.2d 214 (1985).

Having filed no motion to correct any of the facts or to add further facts to those found by the attorney trial referee, the defendant has waived any right to attack the subordinate factual findings in the report. *Harbor Construction Corporation* v. *D.V. Frione & Co.,* 158 Conn. 14, 255 A.2d 823 (1969). Absent a motion to correct and a subsequent exception to the report, the trial court, in ruling on the objection, was limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions. Practice Book § 440. This court is limited to considering whether the "facts found and the conclusions reached in the report are adequate to support the judgments." *Harbor Construction Corporation* v. *D.V. Frione & Co.,* supra, 21. We find that they are.

There is no error.