[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action began as one for replevin by the plaintiffs, Karl and Hermilde Leeb and Molly Krauss, against Bolliger, Inc. (Bolliger), a moving and storage company located in Stamford. The plaintiffs leased apartments in the Ituri Towers in Greenwich, and in 1985 their landlord, Greenwich Towers Corporation d/b/a Greenwich Towers Associates (Greenwich Towers), later impleaded by the defendant Bolliger as a third-party defendant, arranged to have the plaintiffs' household goods removed from their respective apartments and stored at Bolliger's facility in Stamford because of a planned renovation of the residences of the plaintiffs.
The plaintiffs subsequently moved for summary judgment against Bolliger, which was granted. The plaintiffs had their furniture and furnishings returned to them, and thus are no longer interested in the outcome of this case. Bolliger, however, as a third-party plaintiff, impleaded Greenwich Towers as a third-party defendant, claiming that Greenwich Towers was responsible for the charges incurred for the storage of the furniture and furnishings of the plaintiffs.
The case was referred to the attorney trial referee program, General Statutes 52-434(a)4, Practice Book 428 et seq., and the attorney trial referee, Frank H. D'Andrea, Jr., Esq., recommended that judgment enter in favor of Bolliger, the third-party plaintiff, against the third party defendant, Greenwich Towers, for $16,578 (plus $179 for a denial by this defendant that it was a corporation organized and existing in this state).
The third party defendant Greenwich Towers filed a motion to correct, Practice Book 438, but the attorney trial referee declined to make any changes in his report. Greenwich Towers then filed objections to the acceptance of the report, Practice Book 440, but did not file any exceptions to the report pursuant to Practice Book 439. Therefore, our task is "limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions." Ruhl v. Fairfield, 5 Conn. App. 104,106, 496 A.2d 994 (1985). CT Page 7089
In his report the referee made several findings including that (i) Greenwich Towers had hired Bolliger to remove and store the plaintiffs' personal belongings; (ii) Greenwich Towers paid Bolliger for all the storage charges incurred for the personal property of the plaintiffs from June 1985, when the goods were transported from the apartments of the plaintiffs, until approximately February 1987, when Greenwich Towers wrote to Bolliger that it considered itself no longer responsible for the payment of the storage fees for plaintiffs' household goods; (iii) thereafter, and at the suggestion of Greenwich Towers, Bolliger sent bills for storage charges to the plaintiffs, who refused to make any such payments; and (iv) the household goods remained in storage at Bolliger until late 1989 when they were returned to the plaintiffs pursuant to court order in the plaintiffs' replevin action.
Greenwich Towers' position is that once it wrote to Bolliger and said that it would no longer be responsible for storage fees, it was immunized in effect from any further liability, and thereafter Bolliger's only claim was against the plaintiffs. The referee found, however, that upon receipt of this letter from Greenwich Towers, it was understandable and reasonable for Bolliger to write to the plaintiffs to ascertain if they would pay the storage charges, but that this unilateral action on the part of the third party defendant did not absolve it from liability, nor did such action on the part of Bolliger constitute a waiver of its right to collect from Greenwich Towers.
It is important at this point to review this court's authority in acting on recommendations of an attorney trial referee. In Wilson Trucking Inc. v. Mansour Builders, Inc.,20 Conn. App. 420, 423, 567 A.2d 1250 (1989), cert. denied,204 Conn. 804, 573 A.2d 318 (1990), it was held that "a reviewing authority may not substitute its findings for those of the trier of the facts.' This decision also stated that [i]n a contract action, findings of fact should be overturned only when they are clearly erroneous. Id., 425. It appears that the third party defendant is attempting to substitute its version of the facts for those found by the attorney trial referee, an attempt disapproved in Argentis v. Gould, 23 Conn. App. 9, 19, 579 A.2d 1078 (1990).
This case also involves the intent of Bolliger and Greenwich Towers, because the attorney trial referee found that these parties intended to enter into a contract whereby Bolliger would store the household goods in question at the expense of the third-party defendant. Moreover, another issue is whether the parties agreed and intended to CT Page 7090 terminate their contract when Greenwich Towers wrote Bolliger and said it was no longer responsible for storage charges. Just within the last several weeks our Supreme Court held in McClintock v. Rivard, 219 Conn. 417, 431,593 A.2d 1375 (1991), that "[t]he intention of the parties in executing a contract is a question of fact." The court held that the trial court's conclusion regarding intent of the parties would not be reversed ". . .unless the conclusion is unsupported by the evidence and, therefore, could not reasonably have been reached." Id.
Greenwich Towers characterizes the relationship between it and Bolliger as a "bailment", and thus allegedly "terminable at the will of either party or, at the outside, was terminable by either party at the expiration of every month." As between Bolliger and Greenwich Towers, however, there was no "bailment". As stated in B.A. Ballou and Co. Inc. v. Citytrust, 218 Conn. 749, 753, 591 A.2d 126 (1991), a bailment involves a delivery of goods by an owner to another person. In this case it was Bolliger, not the plaintiffs who were the owners of the goods, which delivered the plaintiffs' property to Greenwich Towers, pursuant to what was described by the referee as an implied contract that Greenwich Towers would pay the storage charges. The referee concluded in effect that there was no bailment, but rather a contract, which could not be terminated unilaterally by one of the parties, in this case Greenwich Towers.
Since the attorney trial referee's factual findings must remain undisturbed because no exceptions were taken thereto (Practice Book 439), and because I believe that the referee's conclusions are in accordance with the applicable law, his report is accepted. Furthermore, I find no material error in the referee's report, or any other reason why it is unacceptable. Practice Book 443. His "conclusions of fact" were "properly reached on the basis of the subordinate facts found." Practice Book 440.
Therefore, judgment may enter for the third-party plaintiff Bolliger to recover from the defendant Greenwich Towers the sum of $16,578, plus $179 as recommended by the referee for an unjustified denial of corporate status, and court costs as taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut third day of August, 1991.
William B. Lewis, Judge. CT Page 7091