[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a breach of contract action involving property in Greenwich known as Dunnellen Hall, consisting of 23 acres, and owned by the defendants Harry Helmsley, Leona Helmsley, and their corporation, Five Twenty-One Corporation. The controversy centers on whether the plaintiff corporation, which provided tree services to the defendants, completed a second foliar spraying of the beech trees on the estate in the late spring of 1985 before its services were terminated.
The case was referred to the attorney trial referee program, General Statutes 52-434 (a) 4, practice Book 428 et seq., and the attorney trial referee, Kevin Tierney, Esq., recommended that judgment enter in favor of the plaintiff against the defendants for $4,700, plus statutory interest. This sum includes $1,500 for a second spraying, which is the recommendation in contention.
In his report the attorney trial referee found that the plaintiff did in fact perform a second spraying on the defendants' property in May 1985, the charge for which was $1,500. The plaintiff's charge of $3,200 for pruning is not at issue. A previous spraying also in the amount of $1,500 had been paid by the defendants. The referee indicated that there was some confusion in the record as to this second spraying, and that in his deposition plaintiff's principal officer, John Kerslake, Sr., appeared to indicate that he did not perform a second spraying of the defendants' trees. At the trial, however, this witness claimed that he did perform a second spraying and the referee made a factual finding that in fact this had been occurred.
Although the defendants filed objections to the referee's recommendations, Practice Book S 440, they did not file a motion to correct, Practice Book S 438, nor exceptions, Practice Book S 439. Therefore, this court's task in reviewing the referee's report is necessarily "limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions." Ruhl v. Fairfield, 5 Conn. App. 104, 106, 496 A.2d 994
(1985). The factual finding by the attorney trial referee that the second spray was performed supports his conclusion that the defendants are obligated to pay $1,500 to the plaintiff for this service.
It should be added at this point that the role of this CT Page 9164 court in reviewing an attorney trial referee's recommendations is a limited one. Dills v. Enfield,210 Conn. 705, 714, 557 A.2d 517 (1989), held: (i) that the trial court may not "retry the case"; (ii) that a court may not find additional facts or reject facts found by the referee unless, in the words of practice Book S 439, "a material fact has been found without evidence or the (referee) has failed to find an admitted or undisputed fact, or had found a fact in such doubtful language that its real meaning does not appear"; and (iii) that a trial court may not engage in "fact-finding contrary to the report of the referee." Id., 716.
Moreover, as was said in Wilson Trucking, Inc. v. Mansour Builders, Inc., 20 Conn. App. 420, 425, 567 A.2d 1250
(1989), cert. denied, 204 Conn. 804, 573 A.2d 318 (1990), "[i]n a contract action, findings of fact should be overturned only when they are clearly erroneous."
Since the attorney trial referee's factual findings must remain undisturbed because no motion to correct or exceptions were filed, his recommendations are accepted. I find no material error in his report, or any other reason why it is unacceptable. Practice Book S 443.
Therefore, judgment may enter for the plaintiff to recover from the defendants $4,700, plus statutory interest in accordance with General Statutes 37-3a for the wrongful detention of money due. The referee recommended that interest begin on May 7, 185, when the tree work was completed, and interest from that date to the date of this judgment is calculated as $3,015.85, for a total judgment of $7,715.85, plus costs as taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut this 7th day of October, 1991.
WILLIAM B. LEWIS, JUDGE