[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action by the plaintiff Joel Fenster to recover a $25,000 deposit that he gave the defendant Mohammed Hadi in connection with the proposed purchase for $250,000 of real property owned by the defendant and located on Clinton Avenue in Stamford. While searching the title after the signing of the contract, the plaintiff discovered the existence of a "conservation easement", which was not referred to in the contract of sale, but had been recorded in the Stamford land records. The plaintiff claims that this easement renders title unmarketable, and that its existence violates the contract which the parties signed. The defendant claims that he is entitled to retain the $25,000 deposit because the easement was of minimal significance and did not render title unmarketable.
This case was referred to the attorney trial referee program, General Statutes 52-434(a)(4), Practice Book 428 et seq., and the attorney trial referee, Edwin K. Dimes, Esq., recommended that judgment enter in favor of the defendant.
The attorney trial referee made a number of findings of fact, among which were (i) that the contract of sale had been prepared by defendant's attorney; (2) that the contract did not refer to the conservation easement; (3) that the defendant refused to return the $25,000 down payment because he claims that the plaintiff knew of the conservation easement; (4) that the plaintiff's lawyer was given a copy of a City of Stamford Environmental Protection Board("EPB") permit and a copy of a recorded map which indicated a "conservation area" to the rear of the subject premises; and (5)(a) that in addition to being subject to the conservation easement, the property was subject to certain provisions of the Inland Wetlands regulations; (b) that the property was a floodway and hence under the jurisdiction of the EPB acting as the Flood Control Board; (c) that there is CT Page 9274 a stream channel encroachment on the property which subjects it to regulation by the Connecticut Department of Environmental Protection; and (d) that the property was subject to the Coastal Area Management Act.
The attorney trial referee concluded on the basis of these facts that the defendant was not obliged to return the deposit because the conservation easement did not render title unmarketable, or add any "material burden" to the property, or create any "meaningful restrictions or regulations" over and above the other existing restrictions; and also that the plaintiff did not go through with the sale for reasons unrelated to the conservation easement in question.
The plaintiff filed a motion to correct, Practice Book 438, but the referee declined to make any substantive changes in his report. The plaintiff did not thereafter file exceptions to the report pursuant to Practice Book 439, and it follows that the court's role in reviewing the report is "limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions. Practice Book 440." Ruhl v. Fairfield,5 Conn. App. 104, 106, 496 A.2d 994 (1985). The defendant thereafter filed objections to the referee's report in accordance with Practice Book 440, claiming that the conservation easement had not been disclosed, that this easement rendered title unmarketable, and that the defendant had made misrepresentations with respect to the existence of the easement.
Our task in this case is, in the words of Practice Book 8440, to determine whether the "conclusions of fact" were "properly reached on the basis of the subordinate facts found". This court's limited authority in connection with attorney trial referee reports was discussed in Dills v. Enfield, 210 Conn. 705, 714, 557 A.2d 517 (1989), which held: (i) that the trial court may not "retry the case"; (ii) that a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book 439, "a material fact has been found without evidence or the (referee) has failed to find an admitted or undisputed fact, or had found a fact in such doubtful language that its real meaning does not appear"; and (iii) that a trial court may not engage in "fact-finding contrary to the report of the referee." Id., 716.
Thus, it is incumbent upon the court to accept the factual findings of the referee, and we do, but a reviewing court may decline to agree with the recommendations if they CT Page 9275 are contrary to law or do not logically flow from the subordinate facts found. Id., 713 ("the trial court had the inherent authority. . .to render whatever judgment was appropriate in light of the facts found by the attorney trial referee.").
In this particular case I have decided not to accept the referee's report but rather to enter judgement in favor of the plaintiff to recover his $25,000 deposit from the defendant.
The starting point for this analysis is to note two undisputed facts: first, that a conservation easement affecting this property is recorded in the land records, and second, that the contract does not mention this easement when it refers to encumbrances. The next question is, what does the contract provide in this event? I believe the answer is that the buyer is entitled to rescind the contract and get his downpayment back.
Paragraph 7 of the contract of sale dated June 22, 1987 provides that the seller, the defendant Hadi, will convey title free and clear of all encumbrances except those referred to in either Schedule B or Paragraph 9. Schedule B only refers to zoning and planning rules and to taxes. Paragraph 9 which is entitled "Additional Title Exceptions" does not refer to this conservation easement either, although it does state that title will be conveyed subject to all restrictions imposed by governmental authorities. I do not believe that this provision encompasses the easement, and the referee does not base his decision on this clause.
The next relevant provision of the contract is Paragraph 10, Title Defects, which states that if the seller is unable to convey title "free and clear of encumbrances, except as set forth in said Schedule B or Paragraph 9 hereof" then the purchaser, the plaintiff, at his option is entitled to rescind the contract and recover his deposit. This particular encumbrance, the conservation easement, as has been noted, is not referred to in either the above schedule or paragraph. However, this same paragraph adds that: "[n]othing shall constitute an encumbrance, lien or exception to title for the purpose of this Agreement if the Standards of Title of the Connecticut Bar Association recommends that no corrective or curative action is necessary in circumstances substantially similar to those presented by such encumbrance, lien or exception to title." The referee did not base his decision on these standards of Title, and our review of this publication indicates that the specific subject of a conservation easement and its effect CT Page 9276 upon title is not addressed.
The final provision of the contract that is relevant is Paragraph 23 which provides that if any representation of the seller is "untrue or incorrect," the defendant is obliged to return the downpayment. The Rider contains a representation by the defendant that if there are any grants or easements of record they "do not go over, under or across the subject premises except to service said premises." This is concededly incorrect as the conservation easement in question does in fact go over, under, and across defendants land, although the opposite was represented by the defendant.
Based on these provisions of the contract between the parties it appears evident that the plaintiff is entitled to recover his deposit because the conservation easement in question is not referred to in the contract, and the representation by the defendant that if there is an easement it does not go over or across his land is agreed to be incorrect.
The referee does not appear to be in disagreement with the above conclusions but rather bases his recommendation on his belief that the conservation easement would have a minimal impact on the plaintiff as purchaser of the premises, particularly because the premises are already subject to other government regulations. The referee did agree, however, that the conservation easement required that all new plantings within the area encompassed by the easement were to be "confined to native plants characteristic of the region."
An examination of this easement, which is dated January 30, 1987, indicates that it is considerably broader in scope than one might gather from the referee's report. It is signed by the defendant Hadi and grants to the EPB an easement which is said to run with the land in perpetuity. It provides among other things that the defendant Hadi will not build any structure within the "conservation area" unless first approved by the grantee, the EPB; that the general topography, scenic features, and landscape will all be maintained in their present state unless the EPB otherwise approves; that the EPB has the right to decide whether any use of the area alters the landscape or features of the area; that no trees or shrubs shall be cut or wetlands drained without EPB approval; that the defendant must perform any work required by EPB to carry out the purposes of the easement; that the EPB could enter upon the premises for inspection purposes at reasonable times; and CT Page 9277 that if Mr. Hadi failed to comply with any requirement of the EPB this agency could order the work done by someone else and charge the defendant or future owners.
The scope of this easement appears to be very broad and to limit the rights of the owner in a substantial fashion. An owner cannot do anything in the conservation area unless first approved by the EPB, and, moreover, is obliged to do whatever the EPB wants to carry out the purposes of the easement, which are stated to be the detention of storm water runoff, the preservation of the natural state of the area, and the conservation and protection of water, soil, animals, birds and plants.
In conclusion, I believe that the plaintiff is entitled to recover his down payment because the contract has been breached in that the property was to be conveyed subject only to those encumbrances listed in the contract, which this conservation easement was not. If, on the other hand, the referee is correct that the real issue is the severity of the impact of the easement upon the owner's enjoyment of the premises, I would have to disagree and say that the easement is sufficiently onerous to warrant rescission of the contract when the defendant, who drew the contract, fails to mention it in this document.
Accordingly, judgment may enter for the defendant to recover the $25,000 deposit. I am not ordering the payment of interest under General Statutes 37-3a because I do not believe the detention of money by the defendant was "wrongful" under the circumstances. Associated Catalog Merchandisers, Inc. v. Chagnon, 210 Conn. 734, 748,557 A.2d 525 (1989). The plaintiff may recover costs as taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut this 22nd day of November, 1991.
WILLIAM B. LEWIS, Judge