[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
RE: Defendants' objections and exceptions to corrected report of Attorney Trial Referee and Plaintiffs' objections thereto.
This is a dispute between plaintiff tenants and defendant landlords in which the tenants claim the landlords violated the Connecticut Unfair Trade Practices Act (General Statutes 42-110a
et seq., hereinafter CUTPA) and sections of the landlord-tenant statutes (General Statutes 47a-1 et seq.) The landlords counterclaimed that the tenants failed to pay use and occupancy and damaged the premises. Both sides claimed damages.
The case was referred to the attorney trial referee program, General Statutes sec. 52-434 (a)(4), Practice Book sec. 428 et seq. The attorney trial referee, David Ertman, Esq. recommended that judgment enter in favor of the plaintiffs to recover damages in the amount of $13,566, punitive damages in the amount of $60,000, counsel fees in the amount of $25,000 and interest at the legal rate from February 28, 1985 to the date judgment is satisfied, plus costs.
The attorney trial referee filed a comprehensive and thoughtful report including twenty-two factual findings among which were the following:
a. that the tenants and their four children moved into an apartment owned by the defendants who owned other rental properties; CT Page 3984
b. that the apartment's condition substantially violated health and safety codes, including the lack of smoke detectors, which violations had been cited by Stamford government officials at an earlier time;
c. the landlords agreed to repair the premises within three months and when they failed to do so, the tenants agreed to perform the repairs exclusive of electrical work with material supplied by the landlords; the landlords failed to supply material and skilled labor;
d. thereafter the landlords sought to evict the tenants but the Court (Driscoll, J.) in November 1984 found that the landlords were not entitled to rent. This finding binds the parties.
e. Subsequent to the decision the condition of the apartment did not improve and the landlords engaged in a pattern of wrongful conduct with respect to the tenants including but not limited to shutting off the hot water; shutting off the heat during the winter months; shutting off the gas used for heating, hot water and cooking during winter months; cutting an electric line; locking the plaintiffs out of the utility room so as to prevent their restoring their utility services.
f. in February 1985 the building was condemned and the tenants placed in a shelter, then a motel causing them to lose some personal belongings.
g. failing to return the security deposit.
The defendant filed a motion to correct the report. The attorney trial referee responded to the motion and made no substantive changes except for the recommendation that interest on the counsel fees be paid at the legal rate from October 4, 1991 to the date judgment is fully satisfied. Subsequently the defendant filed objections to the report, Practice Book sec. 440, and exceptions to the report Practice Book sec. 439.
The court's task is "limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions." Practice Book sec. 440; Ruhl v. Fairfield,5 Conn. App. 104, 106.
The objections filed by the defendants claim that the facts found by the referee do not justify his conclusions or the damages he awarded. Further they asserted that the referee had a conflict of interest. This made specific reference to the fact that after the case was heard and the report filed, the attorney trial referee discovered that defense counsel's law partner was representing the CT Page 3985 spouse of the referee's daughter in a divorce action. This court does not agree with the defendants' position.
The defendant also claims that there is no statutory or common-law authority for the awarding of interest on attorney's fees and on punitive damages. Section 42-110g (a) of the statutes provides that a court may award punitive damages and "may provide such equitable relief as it deems necessary or proper. The court has reviewed the portions of the transcript provided and the findings of the referee and determines that there is sufficient basis for the referee's award.
The court has reviewed the defendants' exceptions to the corrected report and concludes that there was sufficient evidence in the portions of the transcript provided and the materials for the referee to make the findings he did.
This court's review of an attorney trial referee's recommendations is limited. As was said in Wilson Trucking, Inc. v. Mansour Builders, Inc., 20 Conn. App. 420, 423 (1990), "(A) reviewing authority may not substitute its findings for those of the trier of the facts." In Dills v. Enfield, 210 Conn. 705, 714 (1989) the Connecticut Supreme Court said that the trial court may not "retry the case"; it may not find additional facts or reject facts found by the referee unless, in the words of the Practice Book sec. 439, "a material fact has been found without evidence or the (referee) has failed to find an admitted or undisputed fact, or had found a fact in such doubtful language that its real meaning does not appear"; the court may not engage in "fact-finding contrary to the report of the referee." Dills v. Enfield, at 716.
Therefore, judgment may enter for the plaintiffs to recover from the defendant the following:
a. damages in the amount of $13,566.00;
b. punitive damages in the amount of $60,000;
c. counsel fees in the amount of $25,000;
d. interest on the damages and punitive damages at the legal rate from February 28, 1985 to the date judgment herein is fully satisfied;
e. interest on counsel fees at the legal rate from October 4, 1991 to the date judgment is fully satisfied;
f. costs of this action.
LEHENY, JUDGE CT Page 3986