[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a claim by the plaintiff, All State Compactor, Inc. (All State), of Jamaica, New York, for services rendered to the defendant, the Housing Authority of the City of Stamford. The services were rendered pursuant to an oral agreement by which the plaintiff serviced and repaired roughly forty refuse compactors used by the defendant in its high-rise apartments.
The plaintiff alleges in a three count revised complaint of March 31, 1989, that it provided services to the defendant worth approximately $26,000, and attached to its complaint a number of invoices and bills. The first count claimed breach of contract by reason of the defendant's refusal to pay plaintiff the balance allegedly due. The second count asserted quantum meruit, and the third count alleged unjust enrichment. The defendant conceded that some services had been performed and parts furnished to its various compactors, but not to the extent claimed. The Housing Authority filed two special defenses claiming fraud on the part of the plaintiff, and that the oral contract violated the Statute of Frauds. Defendant also filed a counterclaim alleging fraud and a violation of General Statutes 42a-110a et seq., the Connecticut Unfair Trade Practices Act. Plaintiff responded to the counterclaim with three special defenses of statute of limitations, estoppel and "unclean hands."
The case was referred to Attorney Gordon R. Patterson, an attorney trial referee, in accordance with General Statutes52-434(a) and Practice Book 428 et seq. Hearings were held over the course of three days, at which five witnesses testified. Thereafter the attorney trial referee filed his report, which included a number of findings of fact and conclusions, among which were that: (1) the plaintiff charged the defendant for two mechanics, but one was only a driver and should not have been charged to defendant; (2) the defendant was overcharged for a CT Page 1450 number of handles; (3) the defendant was billed for replacement parts that were never actually furnished; (4) the invoices furnished to defendant had been changed at plaintiff's office to reflect services not performed and parts not furnished. The attorney trial referee's ultimate finding with respect to defendant's counterclaim reads: "I have concluded that the plaintiff fraudulently induced the defendant to pay for parts not used, which is also a violation of CUTPA." He found the value of the parts that defendant had paid for, but not actually received, was $18,206.70. The essential elements of an action in fraud are (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury. Miller v. Appleby, 183 Conn. 51, 54-55, 438 A.2d 811 (1981). The attorney trial referee determined that each one of these elements was present in this case.
In accordance with Practice Book 438, the plaintiff moved to correct the attorney trial referee's report, claiming that the findings of fact should be amended in a number of ways, including that: (1) the second man was needed as a helper for the first; (2) the prices charged to the defendant were fair and reasonable; and (3) the parts charged to defendant were in fact installed.
The referee declined to make any changes in his report. The plaintiff, pursuant to Practice Book 439, then filed exceptions to the report asking this court to correct the report, and properly filed the required transcript. However, the attorney trial referee's response to plaintiff's motion to correct was filed with this court on June 22, 1992, and plaintiff's exceptions were filed on July 8, 1992, which was more than the ten days prescribed by Practice Book 439, and therefore should not be considered. Moreover, on September 3, 1992, Judge Mottolese gave an additional ten days for the plaintiff to file its exceptions in a proper fashion, and on September 30, 1992, Judge Rush gave the plaintiff another ten days to comply with Judge Mottolese's order. The file does not indicate that there was ever compliance with these two orders. Thus, the facts as found by the referee stand unchanged, and our task is "limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions. Practice Book 440." Ruhl v. Fairfield, 5 Conn. App. 104, 106, 496 A.2d 994 (1985).
The plaintiff, moreover, did not file objections to the CT Page 1451 acceptance of the report, Practice Book 440, so the referee's ultimate conclusion of fraud on the part of the plaintiff stands unchallenged. There is justification in the record for the finding of a CUTPA violation and the recommendation that defendant recover for fraud is accepted, as it follows logically and legally from the referee's findings of fact, which must remain undisturbed in the absence of exceptions. No material error in the referee's report has been found, or any other sufficient reason why it is unacceptable. Practice Book 443. In the words of Practice Book 440, the conclusions of fact "were properly reached on the basis of the subordinate facts found."
Accordingly, judgment is entered in favor of the plaintiff in the amount of $9,787.48, as recommended by the attorney trial referee as the balance due for service and parts actually furnished to defendant. Judgment also enters in favor of the defendant on its counterclaim in the amount of $18,206.70, together with interest at 10% per annum from October 5, 1990 to date, plus an attorney's fee of $5,000 and costs as taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 5th day of February, 1993.
William B. Lewis, Judge