[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a foreclosure action in which the plaintiff, Connecticut National Bank (CNB), as successor to the Fidelity Trust Company, sued the named defendant, 1234 Summer Street Limited Partnership (1234 Summer), a limited partnership, to collect the balance due on a mortgage note executed by this defendant on June 30, 1987, in the original principal amount of $1,600,000. The promissory note was allegedly secured by a mortgage on certain condominium units located on Summer Street in Stamford. The plaintiff mortgagee claims that the note went into default when the defendant, 1234 Summer, failed to pay installments of interest due in the early part of 1989. Thereafter the plaintiff exercised its option to declare the entire balance of the note due. CNB also seeks to be reimbursed for interest, late charges, attorney's fees and costs of collection. In addition to the named defendant, the plaintiff also joined as defendants Burt M. Hoffman and Judith S. Hoffman, who are alleged to have each personally guaranteed the repayment of the mortgage note in question.
The defendant 1234 Summer filed an answer admitting execution of the note and mortgage deed. This defendant also filed a counterclaim alleging that CNB had agreed to restructure the mortgage and had reneged on its promise. 1234 Summer also claims that it was damaged because it had delayed seeking alternative financing until it was too late to do so, because of the "significant deterioration in the financial market between the date the plaintiff agreed to recast the mortgage and the date of the breach thereof." The two individual defendants denied that they had guaranteed repayment of the promissory note in question.
The case was referred to Attorney Melvin J. Silverman, an attorney trial referee, in accordance with General Statutes 52-434(a) and Practice Book 428 et seq. The referee conducted a trial and then filed a very comprehensive report containing over one hundred findings of fact, and including a memorandum of decision. Among other things, the referee found that: (1) 1234 Summer signed a promissory note and executed a mortgage in favor of the plaintiff's predecessor, Fidelity Trust Company (Fidelity), on June 30, 1987, for $1,600,000, which is in default for failure of the named defendant to make the payments required by the note and mortgage; (2) approximately six months prior to the execution of the note and mortgage involved in this case, 1234 Summer Street executed a Declaration of Condominium, which was recorded December 30, 1986, and encompassed sixteen dwelling units, reserving for itself as the declarant certain development rights and special declarant rights, involving primarily the possible CT Page 7929 construction of a garage; (3) the description of the mortgaged property in the mortgage deed in question was in terms of metes and bounds, but did make reference to: "The units constructed within the Building located upon the above described premises and depicted on plans filed simultaneously in the Town Clerk's Office . . ."; (4) the mortgage to CNB covered and included the special declarant and development rights; (5) the commitment letter issued by the plaintiff to the named defendant required that the loan be guaranteed by defendants Burt M. and Judith S. Hoffman, and the Hoffmans understood that their personal guarantees were required; (6) the guarantees actually signed by the Hoffmans did not guarantee the obligations of 1234 Summer Street, but rather guaranteed payment of their own personal obligations, if any, to Fidelity; (7) in 1987, 1234 Summer Street obtained a mortgage loan from Charter Federal Savings and Loan (Charter Federal), now held in receivership by the Resolution Trust Corporation (RTC), a subsequent lienholder, and its mortgage purportedly covered certain special declarant rights and development rights, which rights were assigned to Burt M. Hoffman, Trustee: on March 30, 1988; (8) the plaintiff and the named defendant discussed restructuring the loan but never had a final meeting of the minds about the details; and (9) the fair market value of the mortgaged premises was $1,000,000 as of December 7, 1991, and the debt owed the plaintiff, as of April 7, 1992, was approximately $1,550,000.
The attorney trial referee drew the following conclusions from his findings of fact: (1) the description on the mortgage, although not technically accurate, sufficed under all the circumstances to convey to Fidelity a valid first mortgage interest in and to the subject premises; (2) 1234 Summer intended to mortgage to the plaintiff the condominium units on the property, including the special declarant and development rights reserved in its declaration of condominium; (3) although Fidelity wanted guarantees by Mr. and Mrs. Hoffman and the Hoffmans intended to guarantee the loan, they did not actually make any such guarantee, and therefore the plaintiff could not recover against the Hoffmans; (4) since the mortgage to the plaintiff included the development and declarant rights, the RTC, as successor to Charter Federal, was not entitled to these rights, and therefore its lien did not take precedence over the mortgage being foreclosed; (5) an agreement between CNB and the named defendant to restructure or recast the mortgage was never reached; and (6) a judgment of strict foreclosure in favor of the plaintiff should be entered against 1234 Summer, and judgment should enter in favor of the plaintiff with respect to said defendant's counterclaim.
Pursuant to Practice Book 438, both the plaintiff and the defendant 1234 Summer moved to correct the report. The plaintiff CNB contended, among other things, that the findings should be corrected to reflect that: (1) the CT Page 7930 Hoffmans knew they were obligated to guarantee the loan in question; (2) the Hoffmans were liable for the debt; and (3) the guarantees that they executed should be reformed in order to specifically obligate the Hoffmans on the guarantees.
1234 Summer in its motion to correct requested that the following be added: (1) the plaintiff and 1234 Summer had agreed on restructuring the mortgage loan, and that the plaintiff had reneged on the agreement; and (2) the named defendant had arranged to satisfy all requirements of the plaintiff bank for restructuring, including arranging to obtain a letter of credit, and reaching an agreement with the city of Stamford regarding payment of back taxes.
The referee declined to make any corrections in his report, except he noted that: (1) although the plaintiff and the named defendant had reached an agreement principal to recast the loan, the agreement was subject to ongoing negotiations and conditions precedent, and there had not been a meeting of the minds regarding restructuring; and (2) reformation of the guarantees executed by the Hoffmans requested by CNB was not warranted because of a lack of "clear, substantial and convincing evidence" to justify such a remedy.
The plaintiff CNB then filed exceptions to the report of the attorney trial referee. Practice Book 439. These exceptions contend that the referee erred in failing to find the facts contained in certain portions of its motion to correct, which concerned the possible restructuring of the loan and a reference to the plans for the condominium which were recorded at the same time as the mortgage deed itself. The plaintiff, however, did not file the entire transcript as required by Practice Book 439, nor is there any indication in the file that the parties agreed that only a portion of the transcript could be filed. Moreover, the referee ruled in favor of the plaintiff with respect both to the purported agreement with 1234 Summer and the validity of the mortgage deed, including the description of the mortgaged property. Adding the facts requested by the plaintiff would not appear to be of any value or significance. More importantly, the exceptions did not refer to the purported guarantees by the Hoffmans, which are the subject of the plaintiff's objections to the report.
It should also be noted in connection with the exceptions filed by CNB that this court's authority in reviewing an attorney trial referee's recommendations as to the facts of a given case is a limited one. As our Supreme Court held in Dills v. Enfield, 210 Conn. 705, 714, 557 A.2d 517
(1989): (1) the trial court may not "retry the case"; (2) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book 439, "a material fact has been found without CT Page 7931 evidence or the (referee) has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear"; and (3) a trial court may not engage in "fact-finding contrary to the report of the referee." Id., 716. According to Bernard v. Gershman, 18 Conn. App. 652, 656, 559 A.2d 1171 (1989), this court's task is to determine whether the conclusions of fact and law "are legally and logically correct and whether they find support in the facts found by the referee." Practice Book 440. For all these reasons, the exceptions filed by plaintiff CNB are overruled.
Neither 1234 Summer or the RTC filed exceptions to the report. Practice Book 439. The usual review of an attorney trial referee's report by this court consists of two tasks, according to Thermoglaze, Inc. v. Morningside Gardens, Co., 23 Conn. App. 741, 746, 583 A.2d 1331, cert. denied,217 Conn. 811, 587 A.2d 153 (1991). The first is to determine whether "there was ample evidence to support the attorney trial referee's factual findings," and the second is to rule on whether "the conclusions reached were in accordance with applicable law." In this case, however, because 1234 Summer and the RTC did not file exceptions to the report, it follows that the factual findings by the referee must stand uncorrected as to these two defendants. Ruhl v. Fairfield, 5 Conn. App. 104, 106, 496 A.2d 994
(1985) (our task is "limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions"). Failing to file exceptions constitutes in effect a "waiver" of the right "to attack the subordinate factual findings contained in the report." Bernard v. Gershman, supra, 655.
Both the plaintiff as well as the defendants 1234 Summer and RTC filed objections to the acceptance of the report, Practice Book 440. The objections by the plaintiff center around certain evidentiary rulings by the referee involving the personal guarantees executed by the Hoffmans. The rulings, however, even if erroneous, are immaterial. The basis for the referee's recommendation that the guarantees did not bind the Hoffmans was that they referred to the Hoffmans' own debts, if any, to Fidelity, and not to the mortgage note executed by 1234 Summer.
In its objections to the report, defendant 1234 Summer argues that certain factual findings by the referee "are not based upon the evidence adduced at trial," and that its motion to correct should have been granted by the referee. This defendant, however, did not file exceptions to the report and it would not be possible to rule on the propriety of its objections as they are based on evidence submitted to the trier of facts. 1234 Summer also objected to the referee's conclusions that: (1) plaintiff and the named defendant had not reached a final, binding agreement to restructure the debt; (2) the named defendant had not been damaged even if CT Page 7932 such an agreement had been reached; and (3) the description of the mortgaged premises was sufficiently definite and certain. RTC's objections contend that the mortgage to Charter Federal encompassed the development and special declarant rights referred to in the declaration of condominium, and that this mortgage therefore had priority over the mortgage held by CNB with respect to these rights.
Based on the standard of review in Dills v. Enfield, supra, I could neither find nor determine that the attorney trial referee's conclusions that the mortgage by 1234 Summer to plaintiff should be foreclosed, and that the Hoffmans were not liable on the purported guarantee were unwarranted, illegal or illogical. To the contrary, I believe that, in the words of Practice Book 440, his recommendations were "properly reached on the basis of the subordinate facts found."
There is no disputing that 1234 Summer executed a mortgage note and deed to Fidelity, that the plaintiff now owns the note and that it is in default. The four issues that were the subject of the motions to correct, exceptions and objections deal with the adequacy of the description of the mortgaged premises, whether the Hoffmans are bound by their guarantees, whether CNB and the named defendant entered into a final and binding agreement to recast the loan, and whether RTC has any interest in the property being foreclosed by virtue of the development and special declarant rights purportedly mortgaged to its predecessor, Charter Federal.
These issues were discussed in depth by the referee. Based on certain references to "units" in the mortgage deed to Fidelity, he concluded that reasonable notice was provided that the mortgage to the plaintiff CNB encompassed a condominium development. Moreover, it was noted that plans for the condominium were filed at the same time that the mortgage deed was recorded. Based on the standards of such cases as Connecticut National Bank v. Lorenzato, 221 Conn. 77, 81, 602 A.2d 959 (1992) and Connecticut National Bank v. Esposito, 210 Conn. 221, 231-32, 554 A.2d 735 (1989), it appears that one searching the land records could reasonably be expected to discover that the mortgage to the plaintiff involved condominium units. "We have consistently held that the recordation of a valid mortgage gives constructive notice to third persons if the record sufficiently discloses the real nature of the transaction so that the third party claimant, exercising common prudence and ordinary diligence, can ascertain the extent of the encumbrance." CNB v. Lorenzato, supra, 81. Also, it is doubtful that 1234 Summer Street as mortgagor can even raise the issue of an inadequate description for the reason noted in Burt's Spirit Shop, Inc. v. Ridgway,215 Conn. 355, 366, 576 A.2d 1267 (1990), that the adequacy of a description is "relevant in determining the validity of the mortgage as against subsequent encumbrancers but not as between the parties themselves." CT Page 7933
With respect to the guarantees executed by the Hoffmans, CNB concedes in its brief that: "Admittedly, on the faces of the Guaranties, Burt Hoffman guarantees the debts of Burt Hoffman and Judith Hoffman guarantees the debts of Judith Hoffman." The plaintiff, however, asks the court to "reform" the guarantees in order to implement the intent of the parties, but as the referee points out, this would appear to violate the Statute of Frauds requirement that "a special promise to answer for the debts, default or miscarriage of another" must be in writing. General Statute 52-550
(a)(2). The guarantees did not refer to the mortgage debt of 1234 Summer Street, and I believe CNB is bound by what the guarantees actually said. In considering the request to reform the guarantees, the referee noted: "Although it is certainly more probable than not that there was an error in the typing of the guarantee instruments, the required measure of the weight of the testimony is substantially greater than the preponderance of the evidence."
The referee found as a fact after hearing witnesses testify on the subject that the plaintiff and named defendant never had a meeting of the minds regarding a recasting of the mortgage. 1234 Summer did not file exceptions to this finding, and therefore this finding must stand as factually correct. The conclusion that the named defendant's counterclaim against the plaintiff for damages for breach of the alleged agreement must be denied follows legally and logically from the factual finding regarding the lack of a meeting of the minds.
As to the claim of RTC on behalf of Charter Federal, the mortgage description was broadly worded to include "all" the land at 1234 Summer Street, and "the buildings and improvements thereon." Moreover, the mortgage to CNB by the named defendant did not exclude these special declarant rights. Thus, the referee's conclusions that the mortgage to CNB included the special declarant and development rights, and therefore that 1234 Summer did not have the right to subsequently mortgage these same interests to Charter Federal, also appears logical and sound.
Thus, no material error in the referee's report has been found, or any other sufficient reason why it is unacceptable. Practice Book 443. Accordingly, judgment is entered in accordance with the report of the attorney trial referee as follows: (1) a judgment of strict foreclosure hereby enters; (2) judgment enters in favor of the Hoffmans with respect to their purported guarantees; (3) judgment enters in favor of the plaintiff as to defendant 1234 Summer's counterclaim; and (4) the matter should be claimed to the foreclosure short calendar to determine the amount of the debt, and to calculate interest, late charges and attorney's fees, as well as the current valuation of the realty, and the setting of law dates. CT Page 7934
Costs are to be taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 31st day of August, 1993.
William B. Lewis, Judge
CT Page 7945