[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Walter C. Gwinner, alleges in a two count complaint that on February 2, 1988, the defendants, Reelsharp USA, Inc. (Reelsharp) and Robert A. Lind, executed a promissory note for $10,000 in favor of plaintiff, with interest at 12% per year and payable in thirty days. In the second count of the complaint, plaintiff alleges that on July 18, 1986, Reelsharp executed a promissory note payable to plaintiff for $5,000, with 8% interest, payable in monthly installments over twenty five months, and also providing for costs of collection including a reasonable attorney's fee in the event of a default. The defendants filed an answer denying the material allegations of the complaint and containing two special defenses which claim that: (1) the parties had entered into an accord and satisfaction; and (2) the defendants had been "fraudulently induced" into signing the promissory notes because of the plaintiff's alleged promise to perform certain accounting services for the defendants.
The case was referred to Attorney Kenneth B. Povodator, an attorney trial referee, in accordance with General Statutes §52-434(a)(4) and Practice Book § 428 et seq. The attorney trial referee conducted a trial and then filed his report recommending that judgment enter for the plaintiff and against both defendants. The referee made the following findings of fact: (1) that Reelsharp executed a $5,000 note on July 18, 1986, in favor of the plaintiff, and that the note is in default; (2) that on February 2, 1988, another note was issued by Reelsharp payable to plaintiff in the amount of $10,000, and that defendant Lind, who was chief executive officer of Reelsharp, had also signed this note in his individual and personal capacity, and that this note was also in default; (3) that the parties never came to an agreement for resolving plaintiff's claims on the notes; and (4) that there were no prerequisites or conditions, such as obtaining a loan from Union Trust Company, to the payment of the notes.
The attorney trial referee drew the following conclusions CT Page 11316 from these findings of fact: (1) that the plaintiff was entitled to attorney's fee of $752.83 or 15% on the $5,000 note, but not to fees with respect to the $10,000 note because that note did not provide for attorney's fees; (2) that the plaintiff was not entitled to compound interest but rather only to simple interest; (3) that with respect to the $10,000 note, plaintiff was also entitled to interest amounting to $7,693.24 as of June 30, 1994, with a per diem of $3.33; and (4) that with respect to the $5,000 note, the principal balance was $3,961.82, interest was due of $1,136 as of June 30, 1994, and $.88 per diem, as well as an attorney's fee of $752.83.
Pursuant to Practice Book § 438, the defendants moved to correct the report. The defendants contend that the findings of fact should be amended so as to reflect that: (1) plaintiff was not the owner and holder of the notes; (2) the notes were not due and payable because the plaintiff was only entitled to recover after the defendants had paid a note due Citytrust.
In response to the defendants' motion to correct, the referee issued a supplemental report in which he declined to make any corrections to his report, but reiterated his conclusion that plaintiff, who was in possession of the notes, was the holder thereof and entitled to payment. The referee also discussed a subordination agreement with Citytrust, and pointed that the underlying indebtedness had been extinguished by an entry of judgment with respect thereto, even if such payment to Citytrust had been a condition of repayment, which the referee concluded was not the case in any event.
The defendants then filed a document which states that they are filing an "exception and an objection" to the referee's report because the plaintiff had failed to prove he was the holder of the two notes in question. The usual scope of review of an attorney trial referee's report by this court consists of, first, determining whether "there was ample evidence to support the attorney trial referee's factual findings," and, second, whether "the conclusions reached were in accordance with the applicable law." Thermoglaze, Inc. v. Morningside Gardens, Co.,23 Conn. App. 741, 746, 583 A.2d 1331, cert. denied, 217 Conn. 811,587 A.2d 153 (1991). In the present case, the defendants did not file a transcript with their exceptions. Practice Book § 439. It follows therefore that the factual findings by the referee must stand uncorrected because without a transcript the factual findings by the referee cannot possibly be evaluated. Hence, the CT Page 11317 referee's report must be viewed as if no exceptions had been filed. Ruhl v. Town of Fairfield, 5 Conn. App. 104, 106,496 A.2d 994 (1985) (the court's role is "limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions.") A failure to file valid exceptions constitutes in effect a waiver of the right to "attack the subordinate factual findings contained in the report." SeeBernard v. Gershman, 18 Conn. App. 652, 655, 559 A.2d 1171
(1989), where a failure to file a motion to correct waived the right to challenge the referee's report.
The defendants' objection to the acceptance of the referee's report, Practice Book § 440, is, as noted previously, based on an alleged lack of proof by plaintiff of his ownership of the two notes. This court's authority in reviewing an attorney trial referee's recommendations is a limited one. As our Supreme Court has held: (1) the trial court may not "retry the case"; (2) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book § 439, "a material fact has been found without evidence or the [referee] has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear."Dills v. Town of Enfield, 210 Conn. 705, 714, 557 A.2d 517
(1989). Furthermore, a trial court may not engage in "fact-finding contrary to the report of the referee." Id., 716.
Since the trial court must accept the referee's findings of fact, including that the plaintiff was the owner of the two notes, in the absence of valid exceptions to the report, its task is to determine whether the legal conclusions "are legally and logically correct and whether they find support in the facts found by the referee." Bernard v. Gershman, supra, 18 Conn. App. 656; Practice Book § 440. In the present case, the referee found that the plaintiff possessed the notes and that he had testified at the trial as to the failure on the part of defendants to make payments thereon. As a result, the referee determined as a fact that the plaintiff was the owner and holder of the notes. Because of the referee's finding of fact regarding ownership, the court agrees with the recommendation that judgment should enter in favor of the plaintiff. No material error in the referee's report has been found, nor any other sufficient reason why the report is unacceptable. Practice Book § 443. The court finds that, in the words of Practice Book § 440, the referee's recommendations were "properly reached on the basis of the subordinate facts found." CT Page 11318
Judgment is entered in accordance with the referee's report in favor of the plaintiff as follows: as to the $10,000 note, principal of $10,000; interest to the date of judgment of $8,112.82, for a total of $18,112.82, due from both defendants. As to the $5,000 note, principal of $3,961.82; interest to the date of judgment of $1,246.88, and an attorney's fee of $752.83, for a total of $5,961.53, due from the corporate defendant Reelsharp only. Costs are to be taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 7th day of November, 1994.
WILLIAM B. LEWIS, JUDGE.