[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Andrej Martinovic and Cathy Martinovic, brought a five count amended complaint dated May 8, 1992 against the defendant, John W. Halloran. In the first count, the plaintiffs allege that on April 30, 1990 they purchased the defendant's home on Leeuwarden Road in Darien for $477,500; that about a year later they attempted to sell their home in order to move to Florida; that they listed the property for sale at a price of $520,000; that a prospective purchaser refused to purchase the subject premises because the plaintiffs could not produce a certificate of occupancy with respect to a screen porch which was constructed and improved without first obtaining a building, electrical or plumbing permit from the town of Darien; and that they ultimately sold the subject premises for $490,000, which was $30,000 less than the prospective purchaser was willing to pay until the lack of a certificate of occupancy was discovered. In the second count of the amended complaint, the plaintiffs allege that the defendant committed fraud by not disclosing the renovations to the screen porch and the lack of a building and other permits and a certificate of occupancy. In the third count, the plaintiffs allege that because they were delayed in selling their home they were obliged to pay more to obtain a home mortgage in Florida when they moved and purchased a home in that state. In the fourth count, the plaintiffs claim that they suffered emotional distress as a result of the defendant's misrepresentations. In the fifth count, the plaintiffs claim that the driveway for the subject premises encroaches upon a neighbor's property and that the defendant knew that it did and made false representations with respect to the driveway. The defendant filed an answer denying the material allegations of the complaint, and specifically denying that a certificate of occupancy was required for the porch, that electrical alterations occurred, and that the driveway encroached on a neighbor's property.
The case was referred to Attorney Gordon R. Paterson, an attorney trial referee, in accordance with General Statutes §52-434(a)(4) and Practice Book § 428 et seq. The attorney trial referee conducted a trial and then filed his report recommending that judgment enter for the defendant. The referee CT Page 11603 made the following findings of fact: (1) that the defendant conveyed the subject premises to the plaintiffs on April 3, 1990; (2) that at the closing, the defendant signed an affidavit that no survey was to be relied upon and that he did not know of any zoning violations. and that the word "none" on such affidavit referred to the plaintiffs indicating that they did not wish to purchase survey coverage; (3) that on May 31, 1991, one Eugene Massamillo offered to purchase the subject premises from the plaintiffs for $520,000 contingent upon his selling his New York property and obtaining a mortgage to purchase the subject premises, but that he was not able to accomplish either contingency and the contract with the defendant was accordingly terminated; (4) that over the years prior to 1991, certain changes had been made to the porch, including replacing the heating system in 1980; (5) that upon discovering the lack of a certificate of occupancy for the porch, the plaintiffs applied for a certificate, and after making certain changes to the flashing on the porch roof, a new louver on the porch and a change in the glass door, they obtained a certificate of occupancy in August, 1991, and thereafter the extension of the heating system did not constitute a violation of the building code or any other code requirement; (6) that a small encroachment of the driveway onto the neighbor's property existed for eighteen years without a request to remove the same, and it was later eliminated; (7) that the plaintiffs subsequently resumed negotiations with Massamillo, who ultimately did purchase the subject premises from the plaintiff for $490,000 in October, 1991, $30,000 less than the original contract; and (8) the plaintiffs had not proven any damages with respect to counts three, four or five of their complaint.
The attorney trial referee made the following conclusions from these findings of fact: (1) that Massamillo's decision not to purchase the subject premises from the plaintiffs for $520,000 was not based on the lack of a certificate of occupancy for the porch, but rather because of problems he had in selling his own home in New York and also in procuring a mortgage for the subject premises; (2) that the defendant did not make any false representations to the plaintiffs regarding the porch or commit any kind of fraud; (3) the small encroachment of the driveway was not a factor in plaintiffs' purchase of the subject premises; (4) that a certificate of occupancy was not needed for the porch in any event pursuant to General Statutes § 29-265, because it had been occupied for over six years after the addition of heating and (5) that judgment should enter in favor of the CT Page 11604 defendant.
Pursuant to Practice Book § 438, the plaintiffs made a motion requesting that the attorney trial referee correct his report to reflect that: (1) a porch had been added to the rear of the house; (2) the defendant had plumbing installed in 1980 in order to heat the porch and did not obtain a plumbing or any other permit; (3) the defendant did not provide the plaintiffs or their broker with a survey or a certificate of occupancy despite their request; (4) the affidavit signed by the defendant at the closing was not prepared by plaintiffs' attorney; (5) Martinovic had first refused to purchase the home because he could not obtain a certificate of occupancy from the defendant: (6) the defendant knew his driveway encroached, and knew that he had a survey depicting the encroachment but made false representations to the contrary; (7) the defendant knew he did not have a certificate of occupancy for the porch but falsely represented to the contrary; and (8) the plaintiffs were damaged by the defendant's misrepresentations because they lost a sale at a price higher than that for which they eventually sold their home. In response to the plaintiffs' motion to correct, the referee issued a supplemental report in which he declined to make any corrections to his original report, and gave a cogent explanation of the reasons for each such denial.
The usual scope of review by this court of an attorney trial referee's report consists of first determining whether "there was . . . evidence to support the attorney trial referee's factual findings," and, second, whether "the conclusions reached were in accordance with the applicable law." Thermoglaze,Inc. v. Morningside Gardens Co., 23 Conn. App. 741, 746,583 A.2d 1331, cert. denied, 217 Conn. 811, 587 A.2d 153 (1991). In the present case, the plaintiffs did not file exceptions asking this court to correct the report. Practice Book § 439. It follows therefore that the factual findings by the referee must stand uncorrected. Ruhl v. Town of Fairfield, 5 Conn. App. 104,106, 496 A.2d 994 (1985) (the court's role is "limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions."). In effect, a failure to file exceptions constitutes a waiver of the right to "attack the subordinate factual findings contained in the report." SeeBernard v. Gershman, 18 Conn. App. 652, 655,559 A.2d 1171 (1989) (holding a failure to file a motion to correct waived the right to challenge referee's report). CT Page 11605
The plaintiffs did file objections to the acceptance of the attorney trial referee's report, Practice Book § 440, in which they contended that they had purchased the premises in reliance on false representations by the defendant; mat the defendant needed a certificate of occupancy for the porch; and that the survey affidavit signed by defendant at the time of closing was for the benefit of the plaintiffs and indicated that mere were no encroachments with respect to the driveway.
This court's authority in reviewing an attorney trial referee's recommendations is a limited one. As our Supreme Court has held: (1) the trial court may not "retry the case"; and (2) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book § 439, "a material fact has been found without evidence or the [referee] has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear." Dills v. Town of Enfield, 210 Conn. 705, 714,557 A.2d 517 (1989). Furthermore, a trial court may not engage in "fact-finding contrary to the report of the referee." Id., 716. Since the trial court must accept the referee's findings of fact in the absence of any exceptions to the report, the task of the trial court is to determine whether the legal conclusions "are legally and logically correct and whether they find support in the facts found by the referee." Bernard v. Gershman,
supra, 18 Conn. App. 656; Practice Book § 440. "Where evidence is in conflict, its probative force is for the trier of fact to determine." Id.
In me present case, me attorney trial referee determined that there were no false representations made by the defendant to the plaintiffs, which had induced them to purchase the subject premises, that me plaintiffs' attempted sale to Massamillo on the first occasion did not fall through for any reason connected with the defendant, and that the plaintiffs had failed to sustain their burden of proving that they were damaged by anything done or said by the defendant. It appears that the key to this case is the factual finding by the referee mat Massamillo had not consummated the first sale for $520,000 for any reason connected with the defendant, but rather because of his own problems in selling his home in New York and obtaining a mortgage to purchase the subject premises from me plaintiffs. The plaintiffs are attempting to substitute this finding of the referee with their own version of the facts to the effect that Massamillo had originally declined to purchase their home because of problems CT Page 11606 with the porch and lack of a certificate occupancy, which me referee specifically found was not the case. Attempting to substitute one's own version of the facts for those found by the referee was discountenanced in Argentis v. Gould,23 Conn. App. 9, 19, 579 A.2d 1078 (1990).
The attorney trial referee's conclusions appear to be legally and logically correct, and thus the court agrees with his recommendation that judgment should enter in favor of the defendant. No material error in the referee's report has been found, nor any other sufficient reason why the report is unacceptable. Practice Book § 443. The court finds that, in the words of Practice Book § 440, the referee's recommendations were "properly reached on the basis of the subordinate facts found."
A judgment therefore enters in favor of the defendant. Costs are to be taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 18th day of November, 1994.
William B. Lewis, Judge