[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANTS' EXCEPTIONS TO REPORT
The plaintiffs purchased a new single family home from the CT Page 1656-M defendants in May, 1990. They claim that the sellers failed to complete the house in a good and workmanlike manner and failed to complete work the buyers had requested be done by the closing.
This action was brought to this court on June 25, 1991. It was referred to the Attorney Trial Referee program. General Statutes, Sec. 52-434(a)(4); Practice Book, Sec. 428 et seq. The Attorney Trial Referee, Harold Bochino, recommended that judgment enter in favor of the plaintiffs in the amount of $4,536 damages, together with reasonable attorney' fees in the amount of $680.40 and costs.
The defendants filed a motion to correct the Attorney Trial Referee's report. The Attorney Trial Referee responded to that motion on September 2, 1994. On October 27, the defendants filed their exceptions to the report
Practice Book, Sec. 439 provides that if the referee "fails to correct a report or finding in compliance with a motion to correct, the moving party may, within ten days after the decision on the motion to correct, file exceptions seeking CT Page 1656-N corrections by the court in the report or finding." (Emphasis added.) The record indicates that as of October 4, neither party was aware that the Attorney Trial Referee had responded to the motion to correct. Therefore, the defendants' failure to file exceptions within ten days is excused.
The task of this court is "limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions. Practice Book, Sec. 440." Ruhl v.Fairfield, 5 Conn. App. 104, 106, 496 A.2d 994 (1985).
The objections filed by the defendants claim that the Attorney Trial Referee erred in concluding that there were defects in workmanship and materials which breached the contract of sale between the parties as there was insufficient evidence upon which he would base the subordinate facts found.
There is no requirement that an expert witness provide testimony as to the nature or cause of the defects alleged by the plaintiffs. There was sufficient testimony from Mrs. Dixon which, together with photographic evidence, form the basis for the CT Page 1656-O subordinate facts found. Furthermore, the contract of sale contains an express warranty against defects in workmanship and materials for a period of one (1) year from the date of closing. (Paragraph 16 Report of Attorney Trial Referee.)
Therefore, the court finds that in the words of Practice Book, Sec. 440, the "conclusions of fact" were "properly reached on the basis of the subordinate facts found."
The defendants' exceptions to the report of the Attorney Trial Referee urge this court to strike paragraphs 19, 21 and 22 of the report as they were found without evidence. In addition, they claimed the Attorney Trial Referee erred in failing to find that "[t]he plaintiffs are not, nor have they ever been, in the construction business" and that "[a]t the closing a Certificate of Occupancy issued by the Town of New Fairfield was delivered to the Plaintiffs."
A review of the transcripts shows that the contract between the parties lists the defendants individually a/k/a Tomac Construction. (Exhibit D.) Furthermore, Jane Gregory testified CT Page 1656-P that she and Peter Kalinski were partners, he, the builder and she, the realtor; that the nature of the partnership was to build and sell homes, albeit on two lots only. (Transcript, May 26, 1994, pp. 13-14.)
While the Certificate of Occupancy was submitted as defendants' Exhibit 2 (Transcript, March 31, 1994, p. 88), defense counsel asked Mrs. Dixon if she received the Certificate of Occupancy at closing. She was uncertain. The issue as to the time of its delivery was not raised again when the hearing resumed on May 26, 1994.
It is clear in reviewing the defendants' objections to the Attorney Trial Referee's report that they are attempting to substitute their own version of the facts for those found by the referee, a practice discountenanced in Argentinis v.Gould, 23 Conn. App. 9, 19, 579 A.2d 1078 (1990).
The Attorney Trial Referee in this case found that the sellers did not complete the construction of the home in a good and workmanlike manner and failed to correct the defects in CT Page 1656-Q workmanship and materials, conclusions supported by the evidence. Furthermore, no material error in the Attorney Trial Referee's report has been found, or any other sufficient reason why it is unacceptable. Practice Book, Sec. 443. In the words of Practice Book, Sec. 440, the "conclusions of fact" were "properly reached on the basis of the subordinate facts found."
It is also axiomatic that this court has limited authority in acting on an Attorney Trial Referee's recommendations. The Supreme Court held in Dills v. Enfield, 210 Conn. 705,714, 557 A.2d 517 (1989), that: (i) the trial court may not "retry the case"; (ii) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book, Sec. 439, "a material fact has been found without evidence or the [referee] has failed to find an admitted or undisputed fact, or had found a fact in such doubtful language that its real meaning does not appear"; and (iii) the court may not engage in "`fact-finding' contrary to the report of the referee." Id., 716. In addition, Wilcox Trucking, Inc. v.Mansour Builders, Inc., 20 Conn. App. 420, 425,567 A.2d 1250 (1989), cert. denied, 214 Conn. 804, 573 A.2d 318 (990), CT Page 1656-R stated that "[i]n a contract action, findings of fact should be overturned only when they are clearly erroneous."
For the foregoing reasons, judgment may enter for the plaintiff in the sum of $4,536 plus reasonable attorney's fees in the amount of $680.40 and taxable costs.
Leheny, J.